DAWSON, APPELLEE, *v.* UDELSEN, APPELLANT.

(No. 51893—Decided April 6, 1987.)

*Michael Shane,* for appellee.
*John W. Lebold,* for appellant.

PRYATEL, J. Plaintiff-appellee, Sherie M. Dawson, originally commenced this action against defendant-appellant Janet N. Udelsen and others seeking damages for personal injuries allegedly suffered as a result of a motor vehicle accident which occurred on August 27, 1982. The matter was settled and dismissed with prejudice on October 4, 1984. Seven months later, on May 14, 1985, appellee filed a "mo-

tion to vacate" judgment and a motion to consolidate (with another case) through new counsel. Appellant opposed these motions which were overruled by the court on January 13, 1986. Appellee thereafter filed a "Renewed Motion to Vacate Judgment" on February 28, 1986. This motion was granted on March 19, 1986 and the case was reinstated on the court's docket. Appellant filed her notice of appeal on April 15, 1986 from the granting of that motion and assigns two errors:

### Assignment of Error No. I

"I. The trial court erred in granting appellee's 'Renewed Motion to Vacate Judgment' and in reinstating the case on its docket."

### Assignment of Error No. II

"II. The trial court abused its discretion in granting appellee's 'Renewed Motion to Vacate Judgment' since the motion did not state sufficient grounds upon which to relieve appellee from judgment."

In her motion to vacate judgment, appellee claimed that her attorney improperly settled the case against appellant for $4,900 and that the case was voluntarily dismissed (with prejudice) without her authorization. Appellee never accepted the $4,900 payment, nor did she sign a release of liability to appellant.

When a party properly demonstrates that his attorney was without authority to settle or compromise a claim or defense, that party may seek to vacate the judgment pursuant to Civ. R. 60(B)(5). *Sperry* v. *Hlutke* (1984), 19 Ohio App. 3d 156, 19 OBR 246, 483 N.E. 2d 870, paragraph five of the syllabus. However, that motion must meet the requirements outlined in *GTE Automatic Elec.* v. *ARC Industries* (1976), 47 Ohio St. 2d 146, 1 O.O. 3d 86, 351 N.E. 2d 113, paragraph two of the syllabus. The movant must demonstrate (1) that he has a meritorious defense or claim; (2) that he is entitled to relief under one of the grounds in Civ. R. 60(B)(1) through (5); and (3) that the motion is made within a reasonable time. Furthermore, in order to prevail, the allegation of operative facts must be of such evidentiary quality as affidavits, depositions, answers to interrogatories, written admissions, written stipulations, or other sworn testimony. Unsworn allegations of operative facts contained in a motion for relief from judgment or in the brief attached to the motion are not sufficient evidence upon which to grant the motion. *East Ohio Gas Co.* v. *Walker* (1978), 59 Ohio App. 2d 216, 13 O.O. 3d 234, 394 N.E. 2d 348, syllabus.

Appellee's first motion to vacate judgment was filed on May 14, 1985, and was overruled by the court on January 13, 1986, since it did not contain any operative facts of evidentiary quality (affidavits, depositions, etc.) to support relief from judgment. When it came to appellee's attention that an affidavit was necessary so that a factual statement of what transpired between appellee and her attorney could be ruled upon, appellee filed a "renewed" motion to vacate judgment on February 28, 1986, which was then supported by appellee's affidavit. The motion was granted by the trial court on March 19, 1986, and this appeal followed that decision.

As in *Brick Processors, Inc.* v. *Culbertson* (1981), 2 Ohio App. 3d 478, 2 OBR 604, 442 N.E. 2d 1313, the facts alleged by appellee here to support "fraud" by her first attorney were available to the appellee when she filed her first "motion to vacate" judgment.[1] The same facts were used as the basis of appellee's "Renewed Mo-

---

[1] A motion to vacate judgment is the equivalent of a motion for relief from judgment under Civ. R. 60(B).

tion to Vacate Judgment" supported by her affidavit. Principles of *res judicata* prevent appellee from prevailing on the second motion especially since the first motion's insufficiency was the result of appellee's own inadvertence.

This case is distinguishable from *Coulson* v. *Coulson* (1983), 5 Ohio St. 3d 12, 17, 5 OBR 73, 78, 448 N.E. 2d 809, 813, where the court held that principles of *res judicata* were not applicable to a subsequent Civ. R. 60(B) motion when (1) the motion did not rephrase issues previously raised, but was "wholly distinguishable," and (2) the movant did not know the extent of the fraud when the previous motion was filed. "* * * *Res judicata* does not bar a subsequent motion for relief from judgment when the subsequent motion is based on different facts, asserts different grounds for relief, and 'it is not certain that * * * [the] issue "could have been raised" in the prior motions.' " *Id.*

In this case, appellee's second motion was based on the same facts, on the same grounds, and could properly have been raised through appropriate means in the first motion.

While the result may seem harsh to the appellee in this case, the purpose of the doctrine of *res judicata* is to prevent endless litigation and provide a final determination of claims. The appellant's assignments of error are sustained.

The judgment of the trial court is reversed, and appellee's "Renewed Motion to Vacate Judgment" is overruled.

*Judgment reversed.*

NAHRA, P.J., and CORRIGAN, J., concur.