DAIRYLAND INSURANCE COMPANY ET AL., APPELLEES, *v.* FORGUS ET AL.; TAYLOR, APPELLANT.

---

(No. 56927—Decided July 10, 1989.)

*Todd J. Anderson,* for appellees.
*Anthony Zona,* for appellant.

*Per Curiam.* Defendant-appellant, Patricia A. Taylor, appeals the adverse decision of the trial court which denied relief from a default judgment entered against her on April 28, 1987.

On October 23, 1986, plaintiffs-appellees, Dairyland Insurance Company et al., filed a complaint against appellant and a summons was sent by certified mail. On November 3, 1986, the complaint was returned and marked "addressee unknown."

Appellant, on February 23, 1987, filed a motion with the court requesting a pretrial. In this motion, appellant notified the court that she had not received the initial summons since it had been sent to an incorrect address.

On April 28, 1987, a default judgment was entered against appellant in the amount of $12,500. In November 1987, appellant was notified by counsel for appellees that a judgment had been rendered against her.

Appellant filed a motion for relief from judgment on December 1, 1987. and attached an affidavit stating that she had never been properly served with a complaint and summons. On December 9, 1987, appellant also filed a motion to set aside a void judgment and for dismissal of the complaint.

On October 20, 1988, the trial court denied appellant's motion for relief from judgment. Likewise, appellant's motion to set aside a void judgment and for dismissal of the com-

plaint was determined to be moot by the trial court on December 1, 1988. A timely notice of appeal was filed by appellant.

Initially, we must address appellees' contention that appellant failed to comply with App. R. 3 and 4(A). Appellees base their argument on the fact that the trial court denied appellant's Civ. R. 60(B) motion on October 20, 1988, and subsequently found moot her motion to set aside a void judgment. Appellees maintain that since appellant did not file a timely notice of appeal from the October 20, 1988 entry, this appeal is out of rule.

What appellees neglect to recognize is the fact that both motions were before the court at the same time. The motion to set aside a void judgment was not made in response to the denial of the Civ. R. 60(B) motion. See *Brick Processors, Inc.* v. *Culbertson* (1981), 2 Ohio App. 3d 478, 2 OBR 604, 442 N.E. 2d 1313; *Dawson* v. *Udelsen* (1987), 37 Ohio App. 3d 141, 524 N.E. 2d 525.

Moreover, appellant's Civ. R. 60(B) motion acted as a collateral attack on the judgment, whereas the motion to set aside a void judgment was based upon the jurisdictional defects in the case. A motion to vacate judgment pursuant to Civ. R. 60(B) alleges that the judgment is voidable, unlike a motion to vacate judgment on jurisdictional grounds which alleges that the judgment is void. *Patton* v. *Diemer* (1988), 35 Ohio St. 3d 68, 518 N.E. 2d 941, citing *Lincoln Tavern* v. *Snader* (1956), 165 Ohio St. 61, 59 O.O. 74, 133 N.E. 2d 606.

The requirements of Civ. R. 60(B) do not apply where a party attacks a judgment for want of personal jurisdiction. *Sperry* v. *Hlutke* (1984), 19 Ohio App. 3d 156, 19 OBR 246, 483 N.E. 2d 870. Thus, appellant properly complied with App. R. 3 and 4(A) in filing her notice of appeal from the court's entry

on her motion to set aside a void judgment.

On appeal, appellant asserts that the trial court erred in finding that her motion to set aside a void judgment and for dismissal of the complaint was moot. Appellant maintains that since proper service was never attained, the court lacked jurisdiction to enter a default judgment against her. Upon review of the record, we find that appellant's arguments have merit.

Appellees attempted to have certified mail service made on appellant which was returned "addressee unknown." We note that it is undisputed that appellees made no other attempt to have appellant properly served within the mandate of Civ. R. 4.6.

In her motion to set aside a void judgment, appellant raised the issue of no proper service and attached an affidavit that contained an uncontradicted sworn statement that she never received service of the complaint. In light of this, we find that appellant was entitled to have the judgment against her vacated. *Rafalski* v. *Oates* (1984), 17 Ohio App. 3d 65, 17 OBR 120, 477 N.E. 2d 1212.

We also find that the act of requesting a pretrial is not a motion or responsive pleading contemplated by Civ. R. 7. Thus, this act did not constitute a waiver of appellant's right to assert that the court lacked jurisdiction over the person. *Maryhew* v. *Yova* (1984), 11 Ohio St. 3d 154, 11 OBR 471, 464 N.E. 2d 538.

Additionally, appellees failed to comply with Civ. R. 3(A), which requires them to perfect service of the complaint within one year of the filing of that complaint. Therefore, appellees' complaint should have been dismissed for failure of commencement.

Having found merit in appellant's arguments, we hold that the trial court erred by not vacating the default judgment rendered against appellant. Likewise, appellees' complaint should have been dismissed.

This cause is reversed.

*Judgment reversed.*

PATTON, P.J., KRUPANSKY and J. V. CORRIGAN, JJ., concur.