## Madorsky v. Madorsky
*[Cite as 7 AOA 292]*

*Case No. 57517*
*Cuyahoga County, (8th)*
*Decided September 27, 1990*

*David P. Muhek and Dennis A. Roth, Roth & Rolf Co., LPA, 600 Bond Court Bldg., Cleveland, Ohio 44114, for Plaintiff-Appellee.*

*Scott H. Schooler and John W. Bosco, Bernard, Haffey & Bosco Co. LPA, P. O. Box 24300, Lyndhurst, Ohio 44124, for Defendant-Appellant.*

PATTON, C.J.

On July 15, 1986, the court granted appellee Arlene Madorsky a divorce from appellant Howard Madorsky. The court incorporated the parties' settlement agreement into the divorce decree.

On November 14, 1986, appellee filed a motion for relief from judgment pursuant to

Civ. R. 60(B) (3). Appellee maintained that her ex-husband had defrauded her of marital assets when he failed to disclose his ownership in the Alpha Supply Co. in the settlement agreement. On February 12, 1987, the court dismissed appellee's notion without prejudice. The judgment entry was signed by the judge and appellee's counsel.

On June 22, 1987, appellee filed a second motion for relief from judgment pursuant to Civ. R. 60(B) (2) and (3). Once again, appellee maintained that her ex-husband had defrauded her of marital assets when he failed to disclose his ownership in the Alpha Supply Co. in the settlement agreement. An evidentiary hearing on the motion took place on May 3 through 6, 1988. The court granted this motion from which appellant appeals.

Civ. R. 41(A) (1) reads, in part, as follows:

" *** *an action may be dismissed* by the plaintiff without order of the court (a) by filing a notice of dismissal at *any time before the commencement of trial* unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant ***" (Emphasis added).

Likewise, the Staff Note to Civ. R. 41 states: "[u]nder Rule 41(A)(1) a plaintiff may voluntarily and without an order of court dismiss *his case* without prejudice by filing a notice of dismissal *at any time before the commencement of trial"* (Emphasis added). The plain language of Civ. R. 41(A)(1)(a) gives a plaintiff an absolute right to terminate his cause of action voluntarily and unilaterally at any time prior to commencement of trial. *Clay Hyder Trucking Lines, Inc. v. Riley* (1984), 16 Ohio App. 3d 224, paragraph two of the syllabus; *Holly v. Osleisek* (1988), 40 Ohio App. 3d 90, paragraph two of the syllabus; *Kraft, Inc. v Harold Salads, Inc.* (Nov. 13, 1986), Cuyahoga App. No. 51265, unreported, at 9; *Randustrial Corp. v. Takacs* (Mar. 19, 1987), Cuyahoga App. No. 51686, unreported, at 2; *Suek v. Faymore* (Jun. 5, 1986), Cuyahoga App. No. 50728, unreported, at 3. Thus, a "voluntary dismissal without prejudice" pursuant to Civ. R. 41(A)(1)(a) is a pretrial motion which must be filed before the commencement of trial. "Voluntary dismissals without prejudice" do not apply to post-judgment motions such as a motion for relief from judgment pursuant to Civ. R. 60(B). Such motion is simply a legal fiction. See *Pitts v. Dept. of Transportation* (1981)1 67 Ohio St. 2d 378,

381. Accordingly, we find that although the court dismissed appellee's first motion for relief from judgment "without prejudice", this dismissal was, in effect, a denial of the motion and a final appealable order.

Moreover, we also are mindful that a party may not appeal a judgment to which it has agreed. *Jackson v. Jackson* (1865), 16 Ohio St. 163; *In re Annexation of the Territory of Riveredge Twp. to Fairview Park* (1988), 46 Ohio App. 3d 29, 31. Finally, it is the general rule that no appeal may be taken from a voluntary dismissal. *Id.,* at paragraph two of the syllabus; *Vic Tanny International of Cleveland, Inc. v. Carrabine* (Apr. 21, 1981), Cuyahoga App. No. 42220, unreported, at 3.

We find, that under either of the above analyses appellee's second Civ. R. 60(B) motion was used to circumvent the Appellate Rules. Therefore, the court improperly granted appellee's second a motion. *Bosco v. Euclid* (1974), 38 Ohio App. 2d 40, paragraph two of the syllabus.

A judgment overruling a Civ. R. 60(B) motion for relief from judgment is a final appealable order. *Colley v. Bazell* (1980), 64 Ohio St. 2d 243, paragraph one of the syllabus; *Clayton v. Simons* (1963), 174 Ohio St. 333, paragraph one of the syllabus. It is well established that a motion for relief from judgment may not be used as a substitute for a timely appeal. *Doe v. Trumbull Cty. Children Services Bd.* (1986), 28 Ohio St. 3d 128, 131 and paragraph one of the syllabus. App. R. 4(A) requires an appeal to be filed within thirty days; a Civ. R. 60(B) motion may not be used to circumvent this requirement. *Bosco, supra.*

The denial of appellee's November 14, 1986, Civ. R. 60(B) motion for relief from judgment was a final appealable order. Appellee failed to appeal from this order. Appellee's Civ. R. 60(B) motion for relief from judgment filed on June 22, 1987 may not be used to circumvent App. R. 4(A). Therefore, the court improperly granted appellee's motion.

Moreover, when a motion for relief from judgment has been denied, principles of *res judicata* prevent relief on successive, similar motions raising issues which were or could have been raised originally. *Brick Processors, Inc. v. Culbertson* (1981), 2 Ohio App. 3d 478, paragraph one of the syllabus; *Dawson v. Udelsen* (1987), 37 Ohio App. 3d 141, 142-143. In this case, appellee's second motion was based on the

same facts and same grounds, and could properly have been raised through appropriate means in the first motion. *Id.*

Likewise, appellee was prohibited from appealing the denial of appellee's first Civ. R. 60(B) motion to which appellee agreed. Therefore, appellee's second Civ. R. 60(B) motion may not be used to circumvent this prohibition.

For the foregoing reasons, the judgment is reversed.

MATIA, J., and McMANAMON, J., concur.