OPINION
Defendant-appellant, Darlene Miles, appeals from the decision of the Lyndhurst Municipal Court and denying her motion to vacate the judgment granted in favor of plaintiff-appellee, John Carter. Appellant contends that the judgment is void ab initio because she was never served with the complaint and, therefore, the trial court lacked jurisdiction to enter the judgment. We agree and reverse and remand.
The record reflects that on January 28, 1999, appellee filed a complaint in the Lyndhurst Municipal Court for unpaid rent and expenses in the amount of $2,179 plus interest. Appellee alleged that appellant rented his property, located at 1400 Brainard Road, Lyndhurst, Ohio, for several years, but moved out in December 1998 without paying rent for October and November 1998. Appellee also claimed that appellant was required to reimburse him for the expenses he had incurred in cleaning and preparing the house for the next tenants.
Although appellant had vacated the home at 1400 Brainard on December 3, 1998, appellee listed her address on the complaint as 1400 Brainard. Accordingly, the clerk of court attempted summons by certified mail at this address, but the summons was returned marked "Possible new address: 3466 Monticello Blvd., Cleveland Heights, Ohio 44121."
On March 2, 1999, the clerk of court again attempted certified mail service of the complaint; this time to the Monticello address. The service was returned unclaimed. Accordingly, on March 23, 1999, the clerk sent the complaint and notice-of a hearing on appellee's complaint set for April 9, 1999, to the Monticello address by ordinary mail. The mail was not returned.
On April 9, 1999, the magistrate judge held a hearing regarding appellee's complaint. Appellee appeared for the hearing; appellant did not show. On April 16, 1999, the magistrate judge filed his decision, granting "judgment for plaintiff for $2179 plus 10% interest from December 3, 1998 at defendant's costs."
On April 27, 1999, appellant filed an "Objection/Answer" to the magistrate's decision. In her objection, appellant alleged that appellee's complaint had been filed in retaliation for appellant's letter to appellee, dated January 4, 1999, in which she asserted a claim for $1,879 for items belonging to appellant that appellee had thrown away. According to appellant, appellee had entered the Brainard Road home during the three-day period that appellant was moving out and, irritated that appellant had not yet completed her move, discarded the items.
Along with her objection, appellant sent a letter to the magistrate explaining why she had not responded to appellee's claim against her. According to appellant, there had been numerous problems with the construction of her new home at the Monticello address, including the lack of a mailbox until March 1999. Appellant alleged that she would have responded promptly if she had known that a claim had been filed against her.
On May 14, 1999, the trial judge affirmed the magistrate's decision. Subsequently, on June 4, 1999, appellant filed a motion to vacate the judgment and stay proceedings. Appellant attached an affidavit to her motion which stated:
 1. I have first hand knowledge of the within matter to make this affidavit, and respectfully request that the court grant this motion to vacate.
 2. I never received service or had any knowledge of a claim against me until judgment was rendered against and received at my residence on April 14, 1999. I moved on December 3, 1998, the Plaintiff knew that I did not live at 1400 Brainard Road, Lyndhurst, Ohio. Plaintiff was aware of my office phone and office address, which he had contacted me at over the past five years. Upon moving from 1400 Brainard Road, Lyndhurst, I moved into a hotel. At the point of moving from 1400 Brainard Rd. I had no date for which I would move into my house at 3466 Monticello Blvd., Cleveland Heights, since construction was not completed. With verbal permission of occupancy from the City of Cleveland Heights, I moved into the residence at Monticello Blvd. on December 25, 1998. Due to problems with the builder there were no numbers on the house, no mailbox and no driveway until the beginning of April 1999. I did not know until mail was missing in March that the post office did not have to deliver under those circumstances. At no time did the post office inform me or deliver to me any certified mail.
 3. I have obtained a copy of the court's civil docket file which does not show service. I have obtained a copy of the last letter mailed by the court and postmarked March 23, 1999 which was not delivered to me.
 4. If I had been made aware, before judgment against me, that a claim was filed against me, I would have defended the claim in person and not in writing. I have a counter claim and will file.
 5. I request the court to issue an order that henceforth failure by Plaintiff to properly notice me will be the subject of sanctions as the court may deem appropriate.
In a decision rendered June 9, 1999, the trial judge overruled appellant's motion to vacate and stay proceedings. Appellant timely appealed, assigning one assignment of error for our review:
 I. THE MUNICIPAL COURT ERRED IN ENTERING JUDGMENT FOR THE PLAINTIFF/APPELLEE JOHN CARTER AS SERVICE HAD NOT BEEN PERFECTED UPON APPELLANT DARLENE MILES. THE MUNICIPAL COURT ERRED IN DENYING THE DEFENDANT/APPELLANT DARLENE MILES RELIEF FROM JUDGMENT AS PLAINTIFF/APPELLEE JOHN CARTER HAD NOT PERFECTED SERVICE UPON DEFENDANT/APPELLANT DARLENE MILES, IF SERVICE HAD BEEN PROPERLY PERFECTED UPON DEFENDANT/APPELLANT DARLENE MILES, SHE WOULD HAVE BEEN ABLE TO DEFEND THIS CLAIM AGAINST HER AND THE OUTCOME WOULD HAVE BEEN DIFFERENT.
Appellant argues that the trial court erred in both granting judgment in favor of appellee and then denying her motion for relief from judgment because service of the complaint was never perfected and, therefore, the decision of the trial court granting judgment in favor of appellee was void ab initio.
Appellant contends that she is entitled to relief pursuant to Civ.R. 60(B) because appellee failed to obtain personal service on her. A motion to vacate judgment pursuant to Civ.R. 60(B), however, alleges that the judgment is voidable, unlike a motion to vacate judgment on jurisdictional grounds, which alleges that the judgment is void. Patton v. Diemer (1988), 35 Ohio St.3d 68, citing Lincoln Tavern v. Snader (1956), 165 Ohio St. 61. Accordingly, the requirements of Civ.R. 60(B) do not apply where a party attacks a judgment for want of personal jurisdiction.Dairyland Ins. Co. v. Forgus (1989), 58 Ohio App.3d 78, 79. Therefore, we will not consider appellant's arguments regarding Civ.R. 60(B) nor appellee's response thereto. Rather, the issue is whether the trial court had jurisdiction to enter judgment in favor of appellee.
Proper service of process is an essential component in the acquisition of personal jurisdiction over a party. State ex rel.Strothers v. Madden (Oct. 22, 1998), Cuyahoga App. No. 74547, unreported, citing Holm v. Smilowitz (1992), 83 Ohio App.3d 757. There is a presumption of proper service when the civil rules governing service are followed, but this presumption is rebuttable by sufficient evidence. Id., citing In re Estate ofPopp (1994), 94 Ohio App.3d 640. See, also, Horizon Savings v.Simon (July 19, 1990), Cuyahoga App. No 57278. If service of process has not been accomplished, or otherwise waived, any judgment rendered is void ab initio. Westmoreland v. Valley HomesCorp. (1975), 42 Ohio St.2d 291, 293-294; State ex rel.Strothers, supra; Sampson v. Hooper Holmes, Inc. (1993),91 Ohio App.3d 538.
Civ.R. 4.6(D) governs the service of process upon appellant in this case. It provides that where certified mail is returned with an endorsement showing that the mail was unclaimed, as in this case, service must then be made by ordinary mail. The ordinary mail service is presumed complete when the certificate of mailing is entered in the record, unless the envelope is returned showing failure of delivery. Here, on March 23, 1999, appellee properly attempted service by ordinary mail to appellant's Monticello address after the certified mail envelope was returned to the clerk of court marked unclaimed. The ordinary mail service was not returned and, hence, service is deemed complete as of March 23, 1999.
In her motion to vacate, however, appellant submitted a sworn affidavit stating that she never received service of the complaint. "Where a party seeking a motion to vacate makes an uncontradicted sworn statement that she never received service of a complaint, she is entitled to have the judgment against her vacated even if her opponent complied with Civ.R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it." Rafalski,supra, citing Cox v. Franklin (Jan. 10, 1974), Cuyahoga App. No. 32982, unreported. See, also, Stronger v. Stupar (Nov. 3, 1994), Cuyahoga App. No. 67357, unreported; Dairyland Ins. Co. v. Forgus
(1989), 58 Ohio App.3d 78, 80.
Appellee has presented no evidence to show that appellant actually received service. Rather, appellee argues that appellant's assertion that she never received service of the complaint is incredible, given that appellant moved into her new home at the Monticello address on December 25, 1998. Appellee's argument, however, is not evidence.
"It is reversible error for a trial court to disregard unchallenged testimony that a person did not receive service."Rafalski, supra. Accordingly, we hold that the trial court erred in denying appellant's motion to vacate judgment and reverse and remand this case for further proceedings consistent with this opinion. In so deciding, we follow the basic principle of Ohio law that whenever possible, cases should be decided on their merits. Perotti v. Ferguson (1983), 7 Ohio St.3d 1, 2; CEI v.Finesilver (Apr. 25, 1996), Cuyahoga App. No. 69363, unreported.
Appellant's assignment of error is sustained.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, A.J. and PORTER, J., CONCUR.
 _________________________________ TIMOTHY E. McMONAGLE JUDGE