JOURNAL ENTRY AND OPINION
This is an appeal from an order vacating a default judgment. Plaintiff-appellant Carl E. Steinhoff argues that the trial court abused its discretion when it granted relief pursuant to Civ.R. 60(B)(5) on the uncontradicted sworn statement by defendant-appellee Eva Nyerghes that she never received service of the complaint and did not learn of the $100,000 default judgment against her until she discovered a lien had been filed against her house. Because the trial court did not abuse its discretion by granting relief from judgment, we affirm.
Steinhoff filed this action against Alex Nyerghes and Eva Nyerghes on June 13, 1997. The complaint alleged that on June 13, 1996, Eva Nyerghes incited Alex Nyerghes to assault and injure Steinhoff. The complaint requested damages in the amount of $250,000. Certified mail service was attempted for both defendants at the address contained in the complaint, but was returned on July 11, 1997 as "unclaimed" for both defendants. On July 21, 1997, Steinhoff's counsel filed instructions requesting service on the defendants at the address contained in the complaint by ordinary mail, pursuant to Civ.R. 4.6(D). The fact of mailing was entered of record on July 22, 1997, and the mail envelopes for both defendants were not returned by the postal authorities showing any failure of delivery.
After the defendants failed to plead or otherwise defend and failed to appear for an August 26, 1997 case management conference, Steinhoff filed a motion for default judgment against both defendants on September 16, 1997. Steinhoff served his motion on the defendants at the address contained in the complaint, but the defendants did not respond. A default hearing was eventually held on November 19, 1997, but the defendants did not appear. On November 21, 1997, the court entered a default judgment against Alex Nyerghes in the amount of $100,000 and against Eva Nyerghes in the amount of $100,000.
One year later, on November 20, 1998, Steinhoff requested that a certificate of judgment lien be filed against Eva Nyerghes in the amount of $100,000 plus interests and costs.
On December 18, 1998, Eva Nyerghes filed a motion to vacate the default judgment taken against her.[1] She simultaneously filed a motion to stay proceedings to enforce the judgment. For her motion, Nyerghes (1) denied that she was liable for Steinhoff's injuries; (2) claimed that because she never received service of the complaint, Civ.R. 60(B)(5) provided grounds for relief from the default judgment; and (3) alleged that her motion was filed within a reasonable time after she learned of the default judgment. By affidavit, Eva Nyerghes averred that she "never received service of the complaint" and "was not at all aware of this case until she met with counsel after discovering there was a lien on her home."
Steinhoff opposed Eva Nyerghes' motion for relief from judgment. Steinhoff did not controvert Nyerghes' affidavit testimony denying that she ever received service of the complaint. Steinhoff relied on his compliance with the Rules of Civil procedure to establish that valid service was obtained.
In reply, Nyerghes acknowledged that "notices were issued by ordinary mail to the correct address" but denied that she "chose to ignore" court documents. She maintained that she was a foreigner with an extremely limited command of English and little or no understanding of the American judicial system. Her reply added that when the criminal charges against Alex Nyerghes were dismissed, the Nyerghes family believed its involvement with the court was concluded and that any subsequent court papers "may have been either dismissed or inadvertently disposed of due not to disrespect of the judicial system or any desire to avoid further judicial involvement, but rather due to ignorance."
On February 1, 1999, the trial court granted Eva Nyerghes's motion to vacate the default judgment and returned the matter to the court's active docket. Steinhoff appealed and presents this assignment of error:
 THE TRIAL JUDGE COMMITTED AN ABUSE OF DISCRETION BY VACATING A FINAL JUDGMENT WHEN DEFENDANT-APPELLEE HAD FAILED TO PRODUCE SUFFICIENT EVIDENCE JUSTIFYING SUCH RELIEF UNDER CIV.R. 60(B).
The assignment of error is not well taken.
In GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, the court's syllabus states, in part:
 2. To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
 3. Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits.
Whether to grant relief from judgment is within the sound discretion of the trial court. See In re Whitman (1998), 81 Ohio St.3d 239,242; Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20. We will not disturb the judgment unless the trial court abused its discretion with an unreasonable, unconscionable or arbitrary attitude. See BN1 Telecommunications, Inc. v.Cybernet Communications, Inc. (1997), 118 Ohio App.3d 851, 856.
For his appeal, Steinhoff first argues that Nyerghes's motion was deficient because she did not present evidence demonstrating a meritorious defense to Steinhoff's claim. The movant's burden, however, is only to allege a meritorious defense, not to prove that she will prevail on that defense. See Rose Chevrolet, Inc.v. Adams, supra, 36 Ohio St.3d at 20; Colley v. Bazell (1980),64 Ohio St.2d 243, 247, n. 3. Our cases recognize that the movant must at least allege operative facts which demonstrate that there is content to the claimed defense; evidentiary materials may be advisable but are not necessarily required. See Kadish, Hinkel Weibel Co., L.P.A. v. Rendina (1998), 128 Ohio App.3d 349,352-353; Cerney v. Norfolk Western Railway Co. (1995),104 Ohio App.3d 482, 494; Zashin, Rich, Sutula MonastraCo., L.P.A. v. Offenberg (1993), 90 Ohio App.3d 436, 448. Allegations that controvert the movant's liability on the claim may be sufficient to demonstrate the movant's meritorious defense. See, e.g.,Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18,20, n. 1.
In this case, Nyerghes's motion denied that she negligently and without due regard to Steinhoff's safety incited Alex Nyerghes to "adversely react" against Steinhoff and denied that there was any evidence to support Steinhoff's contention to the contrary. Steinhoff does not dispute that Nyerghes' allegations, if proven, would be a defense to his claim. We are satisfied that Nyerghes sufficiently alleged operative facts demonstrating she had a meritorious defense to Steinhoff's claim. See Cerney v. Norfolk Western Railway Co., supra.
The cases on which Steinhoff relies are distinguishable. InSperry v. Hlutke (1984), 19 Ohio App.3d 156, the court reversed a judgment that vacated a finding of contempt because the trial court acted on an unsworn, unverified, and indeed unsigned personal letter that was not served or filed in accordance with the Ohio Civil Rules. In the case at bar, however, Nyerghes' sworn. affidavit was properly served and filed. In East Ohio GasCo. v. Walker (1978), 59 Ohio App.2d 216, the court found no error in denying relief under Civ.R. 60(B) because the movant did not present operative facts of sufficient evidentiary quality to support her allegation that she did not contract with the plaintiff and that someone else was responsible for the amount owed to the plaintiff; the court did, however, reverse the judgment on the grounds that the movant was entitled to a new trial under Civ.R. 59(A). In the case at hand, by contrast, Nyerghes' motion for relief from judgment sufficiently alleged that she had a meritorious defense to present if relief were granted; her allegations did not require evidentiary proof. SeeRose Chevrolet, Inc. v. Adams, supra; Colley v. Bazell, supra.
Steinhoff next contends that Nyerghes did not establish grounds for relief under Civ.R. 60(B)(5). In Caruso-Ciresi, Inc. v.Lohman (1983), 5 Ohio St.3d 64, the court's syllabus states, in part:
 1. Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B).
 2. The grounds for invoking Civ.R. 60(B)(5) should be substantial.
A failure of service of the complaint may furnish grounds for relief from a default judgment under Civ.R. 60(B)(5). InRafalski v. Oates (1984), 17 Ohio App.3d 65, this court held that the trial court correctly granted relief from a default judgment under Civ.R. 60(B)(5) when the movant presented uncontradicted evidence that she never received service of the complaint. TheRafalski court observed:
 [T]here is a presumption of proper service in cases where the Civil Rules on service are followed. However, this presumption is rebuttable by sufficient evidence. Where a party seeking a motion to vacate makes an uncontradicted sworn statement that she never received service of a complaint, she is entitled to have the judgment against her vacated even if her opponent complied with Civ.R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it. Appellant has presented no evidence to show that appellee actually received service. It is reversible error for a trial court to disregard unchallenged testimony that a person did not receive service.
* * *
 In deciding that the motion to vacate the default judgment was properly granted, we follow the basic position of Ohio law that whenever possible cases should be decided on their merits.
Rafalski v. Oates, 17 Ohio App.3d at 66-67 (citations omitted). Following Rafalski, Ohio courts have held that it is not an abuse of discretion to grant relief from a default judgment under Civ.R. 60(B)(5) when there is no evidence to contradict the movant's evidence that she never received service of the complaint or other court papers. See, e.g., Frank Paulys ofColumbus, Inc. v. Leahey Gen. Contracting Mgt. Corp. (Sept. 2, 1999), Cuyahoga App. No. 74634, unreported; Ondrejcak v. JellyRolls, Inc. (Sept. 3, 1998), Cuyahoga App. No. 73997, unreported;Rogers v. United Presidential Life Ins. Co. (1987), 36 Ohio App.3d 126. See also Gullia v. Gullia (1994), 93 Ohio App.3d 653,668-669; Dairyland Ins. Co. v. Forgus (1989), 58 Ohio App.3d 78,80.
In the case at hand, Nyerghes averred by affidavit that she "never received service of the complaint." Although she acknowledged that "notices were issued by ordinary mail to the correct address," Steinhoff offered no evidence to contradict Nyerghes' allegation that she never received service and was unaware of the pendency of this case until she discovered the lien placed on her home. Steinhoff maintained that he complied with the Rules of Civil Procedure to obtain service on Nyerghes. While rebuttably sufficient, Nyerghes' uncontradicted evidence overcame the presumption. Rafalski v. Oates, supra. Accordingly, Nyerghes established grounds for relief under Civ.R. 60(B)(5).
Steinhoff lastly contests the timeliness of Nyerghes' motion. The default judgment against Nyerghes was entered on November 21, 1997. The record shows that one year later, on November 20, 1998, Steinhoff requested that a certificate of judgment lien be filed against Eva Nyerghes in the amount of $100,000 plus interests and costs. Nyerghes' December 18, 1998 motion to vacate the default judgment averred that she first learned of the default judgment when she discovered the lien on her home. Nyerghes' evidentiary material adequately demonstrated that her motion was made within a reasonable time and Steinhoff did not offer anything to the contrary.
Steinhoff's reliance on State Farm Hut. Auto. Ins. Co. v.Peller (1989), 63 Ohio App.3d 357, is misplaced. In that case, the court held the defendant was on constructive notice of the trial date. That case did not involve the issue of whether the movant sought relief within a reasonable time. In any event, Nyerghes' evidence explained her circumstances and Steinhoff offered nothing to challenge her evidence.
We conclude the trial court did not abuse its sound discretion in vacating this $100,000 default judgment in favor of deciding the case on the merits. Accordingly, Steinhoff's assignment of error is overruled and the judgment is affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, ADM. J., and JAMES D. SWEENEY, J., CONCUR.
 ______________________ DIANE KARPINSKI, JUDGE
[1] There is no indication that Alex Nyerghes ever sought relief from the default judgment taken against him.