OPINION
Defendant-appellant Johnny R. Fuller appeals from the order of the trial court denying his reasons, we affirm the judgment of the trial court.
On October 29, 1985, the grand jury issued an indictment against appellant charging him with murder in violation of R.C.2903.02 with a gun specification. The trial court declared appellant's initial trial a mistrial due to a hung jury. The second jury found appellant guilty of the charges set forth in the indictment. In a journal entry filed on May 14, 1986, the trial court imposed upon appellant consecutive prison terms of fifteen years to life for murder and three years for the gun specification. This court affirmed appellant's conviction in State v. Fuller (July 2, 1987) Cuyahoga App. No. 52131, unreported.
On November 15, 1988, appellant filed a pro se petition for postconviction relief pursuant to R.C. 2953.21. On or about November 9, 1990, the trial court denied appellant's first petition for postconviction relief. This court affirmed the denial of postconviction relief in State v. Fuller (Aug. 6, 1992), Cuyahoga App. No. 60915, unreported.
On September 29, 1997, appellant filed a second petition for postconviction relief. In a journal entry filed on December 9, 1997, the trial court summarily overruled appellant's second R.C.2953.21 motion.[1]
On February 11, 1999, appellant filed a "MOTION TO VACATE AND REENTER JUDGMENT PURSUANT TO OHIO RULES OF CIVIL PROCEDURE 60(B)(5)." In his Civ.R. 60(B) motion, appellant claimed that he did not receive notice that his second postconviction petition had been overruled. Appellant requested that the trial court reenter that order for the purposes of appeal. On April 27, 1999, the trial court denied appellant's Civ.R. 60(B) motion. Therefrom, appellant filed a timely notice of appeal with this court.
 I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED APPELLANT HIS CONSTITUTIONAL RIGHTS TO REDRESS THE COURT UNDER OHIO'S CONSTITUTION WHEN IT DENIED APPELLANT'S 60(B)(5) MOTION THEREBY VIOLATING ARTICLE I, SECTION 16 OF OHIO'S CONSTITUTION, AND AMENDMENT 1, SECTION 10 OF THE U.S. CONSTITUTION [SIC].
In his sole assignment of error, appellant argues that the trial court erred in denying his Civ.R. 60(B) motion. Appellant insists that he did not receive notice of the denial of his second petition for postconviction relief and, therefore, he was denied an opportunity to file a timely appeal from that order.
"To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec. v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus. An appellate court must affirm a Civ.R. 60(B) determination unless it finds that the trial court abused its discretion. See, e.g, State ex rel. Russo v. Deters (1997), 80 Ohio St.3d 152, 153. An abuse of discretion connotes an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. Id.
To merit Civ.R. 60(B) relief, a movant must set forth operative facts which would warrant relief from judgment. BNI Telecommunications, Inc. v. Cybernet Communications, Inc. (1997),118 Ohio App.3d 851, 856. [T]he allegation of operative facts must be of such evidentiary quality as affidavits, depositions, answers to interrogatories, written admissions, written stipulations, or other sworn testimony. Unsworn allegations of operative facts contained in a motion for relief from judgment or in the brief attached to the motion are not sufficient evidence upon which to grant the motion. Dawson v. Udelsen (1987),37 Ohio App.3d 141, 142, citing East Ohio Gas Co. v. Walker (1978),59 Ohio App.2d 216, syllabus.
Upon review of appellant's Civ.R. 60(B) motion, we note that appellant failed to attach an affidavit or any other evidentiary material to his motion. Appellant merely submits the unsworn, self-serving allegation that he did not receive timely notice of the order denying his second petition for postconviction relief. This court has consistently held that such unsworn allegations are insufficient. Dawson, supra; East Ohio Gas Co., supra; Zwolinski v. Nye (Sept. 24, 1998), Cuyahoga App. No. 73372, unreported. We note that a pro se defendant is bound by the same rules and procedures as parties who retain counsel. See, e.g., Cleveland v. Lane (Dec. 9, 1999), Cuyahoga App. No. 75151, unreported.
Based upon the foregoing, we find that the trial court did not err in denying appellant's Civ.R. 60(B) motion. Appellant's assignment of error is without merit. The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. The Defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _________________________ LEO M. SPELLACY, JUDGE
DIANE KARPINSKI, P.J. and MICHAEL J. CORRIGAN, J. CONCUR.
[1] Although the trial court did not specify its reasons for rejecting appellant's second postconviction petition, we note that appellant's second petition was not filed in a timely fashion. The trial court imposed appellant's sentence prior to September 21, 1995, the effective date of Senate Bill 4. Therefore, under Section 3 of Senate Bill 4, appellant was required to file his petition within one year from the effective date of this act, i.e., September 21, 1996
In addition, we note that the trial court was prohibited from even entertaining the second or successive petitions for post-conviction relief because appellant failed to satisfy the requirements of R.C.2953.23(A)(1) (a) or (b).