JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiff-appellant, Starlene Clark, appeals from the decision of the trial court granting the motion of defendant-appellee John Krall to vacate a $25,000 compensatory and $25,000 punitive damages default judgment against him. For the reasons that follow, we affirm.
 {¶ 2} In Clark v. Marc Glassman, Inc. (Aug. 30, 2001), Cuyahoga App. No. 78640 (Clark I), we set forth the history of this case as follows:
 {¶ 3} "* * * Clark worked as a cashier at Marc's store located at 13883 Cedar Road in South Euclid, Ohio. According to John A. Krall, a security employee at that location, he observed Clark remove merchandise from the store without paying for every item. Krall detained Clark until police arrived, he provided police with a statement accusing Clark of theft, and police then transported Clark to the station. Marc's and Krall caused a criminal theft complaint to be filed against Clark in South Euclid Municipal Court. Although the record is unclear as to the final disposition of these charges, it appears that they were eventually dismissed.
 {¶ 4} "On April 12, 2000, Clark filed a complaint against Marc's and Krall alleging malicious prosecution and wrongful imprisonment. Clark served the complaint and summons on Marc's and Krall by certified mail at the South Euclid Marc's store. Michael Benner, the assistant manager of the South Euclid store, signed the certified mail receipt [for Marc's summons and complaint], but according to Marc's, failed to forward the complaint and summons to its corporate office.
 {¶ 5} "Neither Marc's nor Krall answered the complaint, and on June 20, 2000, Clark filed a motion for default judgment. Thereafter, the court conducted a default hearing, and on June 29, 2000, the court granted a default judgment in favor of Clark and against Marc's and Krall in the amount of $25,000 in compensatory damages and $25,000 in punitive damages plus costs.
 {¶ 6} "On August 1, 2000, Clark attempted to execute on her judgment against Marc's at National City Bank. The bank notified Marc's on August 8, 2000, and on the next day, Marc's filed a motion for relief from judgment, claiming excusable neglect because its corporate office never received service of the complaint and summons.
 {¶ 7} "The court conducted a hearing on Marc's Civ.R. 60(B) motion, and on August 30, 2000, it granted Marc's motion for relief from judgment."
 {¶ 8} Clark appealed from that judgment, which this court affirmed in Clark I. After remand to the trial court, on November 22, 2002, John Krall filed a motion to vacate judgment. He attached a sworn affidavit to his motion, in which he averred:
 {¶ 9} "I was employed by Marc's in its security department until January 26, 2000.
 {¶ 10} "I am now a member of the Cleveland Police Department.
 {¶ 11} "I was never served with a Summons or Complaint in this litigation and was never aware that this litigation had been filed or existed until November 14, 2002, when I received a letter from Jack Schulman, attorney for Defendant Marc Glassman, Inc., informing me of the existence of this case and the default judgment.
 {¶ 12} "Following receipt of that letter, I have immediately requested that Mr. Schulman's firm undertake to represent me as my counsel for the purpose of seeking vacation of the default judgment entered against me on June 29, 2000, and representing me in further proceedings in this litigation.
 {¶ 13} "I have no liability to Starlene Clark and have a complete defense to any claims asserted against me by Clark. All of my actions were taken in good faith and with probable cause, and I personally observed Starlene Clark commit the theft which was the subject of her prosecution and is the subject of this litigation."
 {¶ 14} The trial court subsequently granted Krall's motion to vacate judgment. Clark timely appealed from that order and has raised two assignments of error for our review.
 {¶ 15} In her first assignment of error, Clark contends that the trial court erred in granting Krall's motion without first conducting a hearing. In her second assignment of error, Clark contends that the trial court erred in granting Krall's motion because service of the summons and complaint to Krall's place of employment was sufficient. Because they are related, we will consider the assignments of error together.
 {¶ 16} Initially, we note that Clark's arguments regarding Civ.R. 60(B) are not relevant to Krall's motion because his motion was not brought pursuant to Civ.R. 60(B). Rather, Krall asserted that the trial court's order granting default judgment to Clark was void ab initio because Clark failed to obtain personal service upon him and, therefore, the trial court did not have jurisdiction to enter judgment against him. A motion to vacate judgment pursuant to Civ.R. 60(B) alleges that the judgment is voidable, unlike a motion to vacate judgment on jurisdictional grounds, which alleges that the judgment is void. SeePatton v. Diemer (1988), 35 Ohio St.3d 68. Accordingly, the requirements of Civ.R. 60(B) do not apply where a party attacks a judgment for want of personal jurisdiction. Carter v. Miles (Feb. 3, 2000), Cuyahoga App. No. 76590, citing Dairyland Ins. Co. v. Forgus (1989), 58 Ohio App.3d 78,79.
 {¶ 17} Proper service of process is an essential component in the acquisition of personal jurisdiction over a party. State ex rel.Strothers v. Madden (Oct. 22, 1998), Cuyahoga App. No. 74547, citing Holmv. Smilowitz (1992), 83 Ohio App.3d 757. There is a presumption of proper service when the civil rules governing service are followed, but this presumption is rebuttable by sufficient evidence. Id., citing In re Estateof Popp (1994), 94 Ohio App.3d 640. See, also, Horizon Savings v. Simon
(July 19, 1990), Cuyahoga App. No. 57278. If service of process has not been accomplished, or otherwise waived, any judgment rendered is void ab initio. Carter, supra, citing Westmoreland v. Valley Homes Corp. (1975),42 Ohio St.2d 291, 293-294; State ex rel. Strothers, supra; Sampson v.Hooper Holmes, Inc. (1993), 91 Ohio App.3d 538, 542.
 {¶ 18} In his motion to vacate judgment, Krall argued, as he does on appeal, that because an "M. Kwitler," rather than Krall, signed the certified mail receipt, Clark did not obtain personal service upon him as required by Civ.R. 4.2. Krall misconstrues the rules regarding service of process, however.
 {¶ 19} Civ.R. 4.2, regarding who may be served, provides that "Service of process * * * shall be made * * * (A) upon an individual * * * by serving the individual."
 {¶ 20} Civ.R. 4.1, regarding the methods of service, provides that service may be by certified mail "evidenced by return receipt signed by any person."
 {¶ 21} In Castellano v. Kosydar (1975), 42 Ohio St.2d 107, the Supreme Court of Ohio stated that:
 {¶ 22} "It should also be noted that certified mail, under the Rules of Civil Procedure, no longer requires actual service upon the party receiving the notice, but is effective upon certified delivery. Prior to its amendment in 1971, Civ.R. 4.1(1) stated that `* * * if the return receipt shows failure of delivery to the addressee the clerk shall forthwith notify, by mail, the attorney of record * * *.' (Emphasis added.) However, the above-italicized words were subsequently deleted, evidencing an intent to avoid the impression that certified mail, to be effective, had to be delivered to and signed by the addressee only. The above considerations, and the recognition that a need for actual notice would be contradictory to modern service requirements, represent persuasive arguments for the rejection of appellants' position."
 {¶ 23} As the Ohio Supreme Court subsequently noted inAkron-Canton Regional Airport Authority v. Swinehart (1980),62 Ohio St.2d 403,
 {¶ 24} 405, "Castellano authorizes service upon someone other than the named addressee, thus dealing with the question of who may be served * * *." Therefore, contrary to Krall's argument, personal service may be obtained upon individual defendants by certified mail, even if the individual defendant does not sign the certified mail receipt.
 {¶ 25} In Swinehart, supra, the Ohio Supreme Court addressed the issue of where service by certified mail may be sent. The court held that:
 {¶ 26} "[S]o long as service is `reasonably calculated' to reach interested parties, then the service is constitutionally sound. Accordingly, it is not necessary that service be attempted through the most likely means of success — ordinarily residence service; it is sufficient that the method adopted be `reasonably calculated' to reach its intended recipient. We believe therefore that certified mail service sent to a business address can comport with due process if the circumstances are such that successful notification could be reasonably anticipated." Id. at 406.
 {¶ 27} In Rite Rug Co., Inc. v. Wilson (1995), 106 Ohio App.3d 59,64, the Tenth Appellate District amplified this principle, stating that:
 {¶ 28} "It is `not a question of ownership of either the premises or the company engaged in business at the premises. * * * Nor is the control and overall management of the company doing business at the address to which service is directed of any legal significance.' [Bellv. Midwestern Educational Serv., Inc. (1993), 89 Ohio App.3d 193, 202.] Rather, the relevant inquiry is whether defendant has such physical presence at the premises where service is attempted that it can reasonably be anticipated that the service will reach him."
 {¶ 29} Thus, it is apparent that Clark's service upon Krall at Marc's could have been effective, even though the certified mail receipt was signed by someone other than Krall, if Krall maintained "such physical presence" at the store that it could be reasonably anticipated that the service would reach him.
 {¶ 30} The docket reflects that Clark filed her complaint on April 12, 2000 and the certified mail receipt for the complaint and summons sent to Krall at Marc's was signed by M. Kwitler on April 29, 2000. According to his affidavit, however, Krall was not employed at Marc's after January 26, 2000. Obviously, because he was no longer an employee, Krall could not have maintained "such a physical presence" at Marc's that service could have been reasonably anticipated to reach him there. Accordingly, service was not made in a manner "reasonably calculated" to reach him and thus was not effective. Contrary to Clark's argument, the fact that counsel for Marc's may have been aware well before Krall filed his motion to vacate judgment that Krall was also a defendant is not relevant to whether service of process was effective on Krall. In his affidavit, Krall also stated that he never received service of the summons or complaint. This court has held that "where a party seeking a motion to vacate makes an uncontradicted sworn statement that she never received service of a complaint, she is entitled to have judgment against her vacated even if her opponent complied with Civ.R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it." Rafalski v. Oates (1984), 17 Ohio App.3d 65,66, citing Cox v. Franklin (Jan. 10, 1974), Cuyahoga App. No. 32982. See, also, Carter v. Miles (Feb. 3, 2000), Cuyahoga App. No. 76590;Stringer v. Stupar (Nov. 3, 1994), Cuyahoga App. No. 67357; DairylandIns. Co. v. Forgus (1989), 58 Ohio App.3d 78, 80.
 {¶ 31} Here, Clark presented no evidence to the trial court and none on appeal that Krall actually received service, notwithstanding his sworn statement to the contrary. Rather, she merely argued that Krall should have known about the lawsuit because his former employer was also a defendant.
 {¶ 32} "It is reversible error for a trial court to disregard unchallenged testimony that a person did not receive service." Rafalski,17 Ohio App.3d at 67. Accordingly, we hold that the trial court properly granted Krall's motion to vacate judgment without first conducting a hearing.
 {¶ 33} Appellant's assignments of error are overruled.
Affirmed.
DIANE KARPINSKI, P.J. AND SEAN C. GALLAGHER, J., CONCUR.