OPINION
{¶ 1} Defendant-appellant, Madge Stewart ("defendant"), appeals from a judgment of the Franklin County Municipal Court denying her motion for relief from judgment pursuant to Civ.R. 60(B). For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} In June 2001, Bob Hughes, acting as agent for Beth Campbell, Trustee, filed a complaint in the Franklin County Municipal Court against Christina R. Ziegler, Joe Ziegler, Jennifer Evan, appellant Madge Stewart, and "all other occupants." The complaint set forth two causes of action: (1) for the possession of the premises located at 146 S. Hawkes Avenue, Columbus, Ohio, based on the non-payment of rent and water and sewer bills; and (2) for damages for past due rent, unpaid water and sewer charges and damages to the premises. A hearing was held before a magistrate of the trial court, who issued a decision in favor of plaintiff and against Christina and Joe Ziegler, Jennifer Evans and all other occupants. The magistrate decided that the first cause of action should be dismissed as to defendant. On July 5, 2001, the trial court adopted the magistrate's decision and dismissed defendant as a party in the first cause of action.
 {¶ 3} Acting pro se, defendant filed an answer to the second cause of action for damages, wherein defendant denied that she was a tenant at 146 S. Hawkes Avenue. A hearing regarding the second cause of action was scheduled for November 5, 2001. The record indicates that defendant was sent a notice as to this hearing. For reasons not apparent from the record, the hearing was rescheduled for January 14, 2002. The record reveals that a notice of the January 14, 2002 hearing was sent to defendant. Defendant failed to appear, and judgment was rendered against her and all other defendants in the amount of $2,660.45.
 {¶ 4} On January 30, 2002, and again acting pro se, defendant filed a letter with the trial court denying liability for damages, asserting that she had never been a tenant at 146 S. Hawkes Avenue. She requested that the trial court remove her name as a defendant in the case. The trial court construed the letter as a motion for relief from judgment and overruled the motion on the basis that defendant provided no reason for her failure to appear in court.
 {¶ 5} On March 5, 2002, defendant filed a second motion for relief from judgment.[1] Attached to said motion was an affidavit, wherein she stated that she failed to appear at the January 14, 2002 hearing because she thought her "attendance was excused since I had been dismissed as a party in the previous hearing." In the motion, defendant asserted, inter alia, that she had never been a tenant of plaintiff, nor had she ever agreed to pay or guarantee payment of rent. Defendant also filed a motion for stay of execution, which was set for hearing on March 15, 2002.
 {¶ 6} On March 7, 2002, defendant filed a notice of appeal with this court, and the March 15, 2002 hearing did not occur. In October 2002, this court granted defendant's motion to stay execution and remanded the matter to the trial court to rule upon defendant's March 5, 2002 motion to vacate judgment. On December 6, 2002, the trial court overruled defendant's second motion for relief from judgment and her motion for stay of execution. Defendant appealed from this judgment to this court, asserting two assignments of error. Defendant alleged that the trial court erred in overruling her motion for relief from judgment and that the trial court erred in failing to hold an evidentiary hearing upon remand. This court sustained defendant's assignments of error, finding that the trial court was required to hold an evidentiary hearing before ruling on the motion for relief from judgment based on the operative facts alleged in her motion.
 {¶ 7} An evidentiary hearing was held on the matter and the trial court denied defendant's motion for relief from judgment by entry dated January 22, 2004. Defendant appeals from this judgment, and has asserted the following assignment of error:
 THE TRIAL COURT ERRED IN OVERRULING APPEL-LANT'S MOTION FOR RELIEF FROM JUDGMENT. {¶ 8} Under her single assignment of error, defendant contends that the trial court erred by overruling her Civ.R. 60(B) motion for relief from judgment. "The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion." Sain v. Roo, Franklin App. No. 02AP-448, 2003-Ohio-626, at ¶ 11, citing Oberkonz v. Gosha, Franklin App. No. 02AP-237, 2002-Ohio-5572, at ¶ 12. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} Civ.R. 60(B) provides the method by which a party may obtain relief from a final judgment. Civ.R. 60(B) provides, in part, as follows:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. * * *
 {¶ 10} In order to prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that: (1) the party has a meritorious defense or claim if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Each requirement is independent of the others and, therefore, the moving party must separately establish all three requirements of the "GTE test," or the Civ.R. 60(B) motion will be denied.
 {¶ 11} In this case, it is undisputed that defendant met the first and third requirements of the GTE test. The motion was timely filed, and defendant asserted a meritorious defense. However, the parties dispute whether defendant established the second prong of the GTE test, that is, whether defendant established that she was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). We find that the trial court did not abuse its discretion in denying defendant's motion for relief from judgment.
 {¶ 12} Defendant's explanation for her failure to appear at the January 14, 2002 hearing was that she thought that she had been dismissed as a party based on the magistrate's decision. Also, to some extent, defendant has argued that she was under the mistaken belief that her appearance at the January 14, 2002 hearing was unnecessary because she had a valid defense, and that this mistaken belief was understandable because she was proceeding pro se. With respect to notice of the January 14, 2002 hearing, we observe that defendant did not allege, in the trial court, that she did not receive notice regarding the January 14, 2002 hearing. At the January 2004 hearing, the trial court asked defendant whether she ignored two notices to come to court for trial, and she answered, "Yes." (Tr. 23.) When asked "why," defendant responded by stating, "I felt I had been dismissed. * * * I felt I was dismissed from everything." Id. Therefore, defendant's explanation for not appearing at the January 14, 2002 hearing was not that she did not have notice of the hearing, but that she did not think it was necessary for her to appear because she had been dismissed as to the first cause of action and/or because she believed that she was not liable in this case.
 {¶ 13} The record in this case, including the evidence at trial, supported a finding that defendant's explanation for not appearing at the January 14, 2002 hearing was not reasonable. Plaintiff testified that the magistrate had explained to defendant that she was exempt or relieved from the first cause of action only, and that her responsibility in the matter did not end with that determination.[2] Furthermore, we observe that the July 5, 2001 trial court entry states that the first cause was dismissed as to defendant Stewart. The entry does not state that the second cause was dismissed as to defendant Stewart or that the case was dismissed as to defendant Stewart. Therefore, defendant's stated reason for not appearing at the hearing was contrary to the magistrate's explanation provided to her, as recalled by plaintiff, as well as the trial court's entry, which only stated that the first cause was dismissed as to defendant. Additionally, defendant did not allege at trial that she did not receive the notice that was sent to her regarding the January 14, 2002 hearing.
 {¶ 14} In view of the evidence presented at the January 2004 hearing, as well as the record in this case, we conclude that the trial court did not abuse its discretion in denying defendant's Civ.R. 60(B) motion for relief from judgment. Consequently, we overrule defendant's single assignment of error and affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
Bryant and Klatt, JJ., concur.
[1] This court previously determined that defendant's second motion for relief from judgment was not barred by res judicata, as defendant asserted a "somewhat different basis for relief from judgment" in the second motion. Hughes v. Ziegler, Franklin App. No. 02AP-278 (Memorandum Decision.), citing Dawson v. Udelsen (1987), 37 Ohio App.3d 141.
[2] Defendant did not recall the magistrate explaining to her that she would be dismissed as to the first cause of action only.