CARSTAB CORPORATION, APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as Carstab Corp. *v.* Limbach (1988), 40 Ohio St. 3d 89.]

(No. 87-1863—Submitted October 18, 1988—Decided December 21, 1988.)

torney general, and *Richard C. Farrin,* for appellee.

*Per Curiam.* The sole question presented is whether an assessment is barred if it is not received by a taxpayer within the time limits provided in R.C. 5739.16 and 5741.16. For the reasons stated below, we hold that it is not so barred and affirm the BTA.

R.C. 5739.13 and 5741.13 authorize the commissioner to make sales and use tax assessments. However, R.C. 5739.16 and 5741.16 limit this authority. R.C. 5739.16(A), in pertinent part, provides:

"No assessment shall be made or issued against a vendor or consumer for any tax imposed by or pursuant to section 5739.02, 5739.021, 5739.023, 5739.026, or 5739.10 of the Revised Code more than four years after the return date for the period in which the sale or purchase was made, or more than four years after the return for such period is filed, whichever is later. This division does not bar an assessment:

"* * *

"(3) When the vendor or consumer and the commissioner waives [*sic*] in writing the time limitation."[1]

Carstab argues that the phrase, "made or issued," must be interpreted

*Frost & Jacobs, Dennis J. Barron* and *Larry H. McMillin,* for appellant. *Anthony J. Celebrezze, Jr.,* at-

[1] R.C. 5741.16 contains virtually the same language for the assessment of use tax.

to mean receipt of the assessment by the taxpayer. According to Carstab, the instant assessment is barred since it received the notice after the deadline. Thus, the meaning of this phrase is pivotal to Carstab's position.

Under R.C. 5739.13, 5741.13, and 5741.14, the commissioner may make assessments and must serve them upon the assessee personally or by registered mail. Also, under R.C. 5739.13 and 5741.14, the assessee has thirty days from when he is served to file a petition for reassessment.

R.C. 5703.05 contains the commissioner's general powers and duties. Division (H) empowers her to make all assessments authorized by law, and division (L) requires her to maintain a public journal in which she must keep a record of all actions taken by her relating to assessments and the reasons therefor. Accordingly, she "makes" an assessment when she journalizes it because this is the act that concludes her audit activity and by which she places the assessment on the public record.

Next, under R.C. 5739.13 and 5741.13, the commissioner must give written notice of the assessment to the assessee. She may serve it on the assessee personally or by registered or certified mail. This giving of notice is the "issuing" of the assessment contemplated in R.C. 5739.16 and 5741.16; that is, the commissioner "issues" notice of the assessment when she "gives" notice to the assessee.

In *State, ex rel. Sherrick, v. Peck* (1952), 158 Ohio St. 122, 48 O.O. 60, 107 N.E. 2d 145, this court determined the point at which an assessee files a petition for reassessment with the commissioner. In paragraph two of the syllabus, this court held that a petition is filed, in the instance when the assessee chooses to file by certified mail, when the assessee deposits the "petition in a United States post office as registered mail with adequate postage and directed to the * * * Commissioner." We apply this holding to the present situation in which the commissioner must give notice and may do so by serving the assessee by certified mail. The commissioner thus issued notice, under the instant facts, when she directed the notice of the assessment to the assessee by depositing it in the United States mails for delivery to the assessee by registered or certified mail and attached adequate postage.

This reading recognizes and gives effect to the three events described in R.C. 5739.13, 5741.13, and 5741.14: making of the assessment, issuance of the assessment, and service of the assessment on the assessee. Furthermore, this reading does not place an assessee at a disadvantage, since it has thirty days from delivery of the notice to file a petition for reassessment. *Castellano* v. *Kosydar* (1975), 42 Ohio St. 2d 107, 71 O.O. 2d 77, 326 N.E. 2d 686, syllabus. Moreover, requiring receipt, as argued by Carstab, would allow it to defeat an assessment by avoiding service until the statute of limitations had passed, thus barring the assessment.

Nevertheless, we do not decide today whether either making an assessment or issuing it is, alone, sufficient for the commissioner to avoid the bars of R.C. 5739.16 and 5741.16. We are not faced with that situation. We hold that the commissioner both "made" and "issued" the assessment prior to the deadline of January 31, 1983, since she journalized the assessment on January 27, 1983, and she placed it, on January 28, 1983, in the United States mails, certified service, with apparently adequate postage, directed to Carstab.

Accordingly, the decision of the BTA is affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.