OPINION
Annette Mullins appeals from the dismissal of her complaint that attempted to allege an employer intentional tort against the BF Goodrich Company. We will affirm. Mullins' complaint stated in its entirety as follows:
 1. Plaintiff, Annette Mullins, states that Defendant was her employer in Sidney, Ohio on or about February 6, 2000. Defendant was, and is, authorized to do business as a corporation in the state of Ohio.
 2. On or about February 6, 2000, Plaintiff was performing her normal duties running a mill machine when her glove was sucked into the machine and her finger was amputated when it came directly into contact with the moving blade.
 3. The employer was aware of the dangers involved with machine as there had been numerous incidents involving near injuries due to the dangerous nature of this machine and the employer's failure to guard the moving blade.
 4. Defendant knowingly allowed this situation to continue without taking proper safety precautions, thus presenting a danger to its employees who were required to work on or around the mill machine.
 5. Plaintiff's injuries and damages were a direct and proximate result of Defendant's intentional tort.
WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of $25,000 together with costs herein expended.
Noting the heightened pleading requirements for complaints alleging employer intentional torts — Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190 — the trial court dismissed the complaint as deficient.
Mullins advances three assignments of error on appeal:
 1. THE COURT ERRED BY GRANTING THE DEFENDANTS' MOTION TO DISMISS WHEN THE PLAINTIFF PROVIDED A SUFFICIENT CAUSE OF ACTION TO SURVIVE THE MOTION OF DISMISSAL.
The question presented by this assignment is whether Mullins' complaint was pleaded with sufficient particularity to pass Civ.R. 12(B)(6) muster. This pleading requirement as to employer intentional torts is made clear in Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 90, syllabus:
 A claim of intentional tort against an employer will be dismissed as failing to establish that the pleader is entitled to relief unless the complaint alleges facts showing that the employer: (1) specifically desired to injure the employee; or (2) knew that injury to an employee was certain or substantially certain to result from the employer's act and, despite this knowledge, still proceeded. (Emphasis ours.)
In Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, syllabus, the elements of a workplace intentional tort are stated:
. . .[I]n order to establish "intent" for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated:
 (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality, or condition within its business operations:
 (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and
 (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.
Evaluating Mullins' complaint against the stringent pleading requirements established by the supreme court, we agree that the complaint was properly dismissed.
Assuming, arguendo, that BF Goodrich knew that running a mill is a dangerous process, Mullins alleged no facts to establish knowledge on the part of BF Goodrich that Mullins' running the mill was substantially certain to result in injury. It was not alleged that the employer was aware of "numerous incidents involving near injuries," despite the conclusory assertion that "(t)he employer was aware of the dangers involved with (the) machine." "Numerous incidents involving near injuries," in addition to being a conclusory allegation, means there had been no prior injuries. Nor does "failure to guard the moving blade" — also a conclusory allegation — supply knowledge that injury was substantially certain to result. Furthermore, Mullins did not allege that she was required to operate the mill.
The first assignment is overruled.
 2. THE COURT FAILED TO RECOGNIZE THE EXISTENCE OF AN INTENTIONAL TORT CLAIM UNDER THE OHIO WORKERS' COMPENSATION STATUTES AS BEING AN IDENTIFIABLE RIGHT OF RECOVERY.
The trial court assuredly recognized the existence of employer intentional torts under Ohio law. The trial court dismissed Mullins' complaint because it failed to adequately plead such a tort.
The second assignment is overruled.
 3. THE TRIAL COURT ERRED BY DENYING THE APPELLANT THE RIGHT TO PARTICIPATE AS A WORKER'S COMPENSATION CLAIMANT WHEN SHE SUSTAINED AN INJURY ARISING OUT OF THE COURSE OF EMPLOYMENT BASED UPON THE CONDUCT OF THE DEFENDANT.
It would appear that BF Goodrich has recognized Mullins' injury as compensable with ordinary workers compensation. The fact that discovery might provide her with additional evidence in support of an intentional tort claim does not dispense with the stringent pleading requirements for complaints alleging employer intentional torts.
The third assignment is overruled.
Mullins alleges February 6, 2000, as the date her cause of action for employer intentional tort arose. She still has time to file a complaint that adequately pleads such a tort. See Funk v. Rent-All Mart, Inc. (2001), 91 Ohio St.3d 78.
BROGAN, J. and GLASSER*, J., concur.
* Hon. George M. Glasser sitting by assignment of the Chief Justice of the Supreme Court of Ohio.