CASTELLANO ET AL., APPELLANTS, *v.* KOSYDAR, TAX COMMR., APPELLEE.

[Cite as Castellano v. Kosydar (1975), 42 Ohio St. 2d 107.]

(No. 74-370—Decided April 16, 1975.)

Messrs. *Mancino, Mancino & Mancino* and Mr. *Paul Mancino, Jr.*, for appellants.

Mr. *William J. Brown*, attorney general, and Mr. *John C. Duffy, Jr.*, for appellee.

HERBERT, J. This appeal presents the question of whether the period of time for filing a petition for reassessment, pursuant to R. C. 5739.13, begins to run when service of the notice of assessment is effectuated, or from the date the taxpayer receives actual notice of such assessment.

R. C. 5739.13 provides, in pertinent part:

"In each case the commissioner shall give to the person assessed written notice of such assessment. Such notice may be served upon the person assessed personally or by registered or certified mail. * * *

"* * * *

"Unless the vendor or consumer, to whom said notice of assessment is directed, files within thirty days after service thereof * * * said assessment shall become conclusive and the amount thereof shall be due and payable, from the vendor or consumer so assessed, to the treasurer of the state. * * *"

Appellants contend that the issue herein should be resolved consistent with the rationale of the Court of Appeals in *Fell* v. *Bur. of Motor Vehicles* (1972), 30 Ohio App. 2d 151, 283 N. E. 2d 825, where actual notice to the licensee was found to be a condition precedent to suspension of a

driver's license under R. C. 4511.191(E).[1] To reach that conclusion, the Court of Appeals relied upon the mandate of this court in *Moore* v. *Given* (1884), 39 Ohio St. 661, in which the second paragraph of the syllabus states "[w]here a statute requires notice of a proceeding, but is silent concerning its form of service, actual notice will alone satisfy such requirement." In the case at bar, R. C. 5739.13 is not silent concerning the manner of service, but specifically designates registered or certified mail as a means of notifying the taxpayer.[2]

R. C. 5739.13 provides for appeal from the notice of assessment, if the taxpayer "files within thirty days after service thereof." In deciding whether that time period is to be construed as running from the date when the taxpayer receives actual notice of the assessment, guidance is available from a perusal of how mail service is employed pursuant to the Rules of Civil Procedure. Civ. R. 4.1(1) provides, in part: "Service of any process shall be by certified mail unless otherwise permitted by these rules." Service by mail is therefore encouraged and preferred under the Civil Rules, as a party cannot invoke personal or residence service unless he specifically files a written request for such process.[3]

---

[1] R. C. 4511.191(E), in part, states:

"Upon suspending the license or permit to drive * * * the registrar shall immediately notify the person in writing, at his last known address, and inform him that he may petition for a hearing as provided in division (F) of this section. * * *"

[2] Those decisions from other jurisdictions upon which appellants rely as supporting the result in *Fell, supra,* are also limited to the situation where a statute dose not provide the manner of service, and are inapplicable here. See *State* v. *Stokes* (1934), 55 Idaho 51, 57, 37 P. 2d 404; *Clinton* v. *Elder* (1929), 40 Wyo. 350, 360, 277 P. 968.

[3] Civ. R. 4.1(2), in part, states:

"When the plaintiff files a written request with the clerk for personal service, service of process shall be made by that method."

Civ. R. 4.1(3), in part, states:

"When the plaintiff files a written request with the clerk for residence service, service of process shall be made by that method."

The staff notes to Civ. R. 4.1 also indicate that certified mail is the basic and preferred method of service.

The use of mail service, under R. C. 5739.13, is not only preferred under the Civil Rules, it also is consistent with due process and modern service requirements. Such service is reasonably calculated to give notice of the assessment and allow the taxpayer to present his objections. See *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U. S. 306, 314.

It should also be noted that certified mail, under the Rules of Civil Procedure, no longer requires actual service upon the party receiving the notice, but is effective upon certified delivery. Prior to its amendment in 1971, Civ. R. 4.1(1) stated that "* * * if the return receipt shows failure of delivery *to the addressee* the clerk shall forthwith notify, by mail, the attorney of record * * *." (Emphasis added.) However, the above-italicized words were subsequently deleted,[4] evidencing an intent to avoid the impression that certified mail, to be effective, had to be delivered to and signed by the addressee only. The above considerations, and the recognition that a need for actual notice would be contradictory to modern service requirements, represent persuasive arguments for the rejection of appellants' position.

Finally, there are significant practical problems inherent in the taxpayers' contentions. As pointed out heretofore, R. C. 5739.13 allows for a 30-day period for appeal before the tax assessment becomes conclusive and payable to the state. A requirement of actual notice would permit a taxpayer to evade service and not be liable upon the assessment until such time as the Tax Commissioner could show the requisite notice and passage of the 30-day period. In that situation, the ability of the commissioner to prove actual receipt on a particular day would be elusive at best.

[4]Pursuant to the 1971 amendment, the relevant part of Civ. R. 4.1(1) now states:

"* * * If the envelope is returned with an endorsement showing failure of delivery, the clerk shall forthwith notify, by mail, the attorney of record * * *."

A reading of the staff notes pertaining to Civ. R. 4.1(1) will show the intended effect of the 1971 amendment to the rule, which deleted the words "to the addressee."

It is our conclusion that where an assessment for sales taxes is made pursuant to R. C. 5739.13, and notice of such assessment is served upon the vendor or consumer by registered or certified mail, service is effective when the notice is delivered and properly receipted for by an appropriate person at the vendor or consumer's residence, and the 30-day period within which the vendor or consumer must file a petition objecting to such assessment begins to run from that date.⁵ Any language to the contrary in *State, ex rel. Sherrick,* v. *Peck* (1952), 158 Ohio St. 122, 107 N. E. 2d 145, is disapproved, and the first paragraph of the syllabus of that case is overruled.

The decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

O'NEILL, C. J., CORRIGAN and STERN, JJ., concur.
CELEBREZZE, W. BROWN and P. BROWN, JJ., dissent.

WILLIAM B. BROWN, J., dissenting. In *State, ex rel. Sherrick,* v. *Peck* (1952), 158 Ohio St. 122, this court construed G. C. 5546-9a as requiring *actual receipt of notice* of assessment by a taxpayer before the 30-day period, in which the taxpayer could file objections to the assessment, began to run. G. C. 5546-9a is, where pertinent, identical⁶ to R. C. 5739.13.

The rationale requiring actual receipt of notice of a taxation assessment is expressed by the unanimous court in *Sherrick,* at page 125, as follows:

---

⁵Of course, no diligent taxpayer should be foreclosed from presenting evidence of a defect in the service relied upon. In the case at bar, however, the record reflects an absence of factors which would render service improper and allow appellants to file for reassessment beyond the time permitted by statute.

⁶The only material change in the statute is that the word "certified" has been added to authorize service by "registered or certified mail." However, the two terms are legally synonymous. R. C. 1.02(G) reads: " 'Registered mail' includes certified mail and 'certified mail' includes registered mail."

"The problem of construing this statute with respect to the time and manner of serving the notice and filing the petition must be approached realistically. The statute from which the above portion is quoted authorizes the Tax Commissioner to make an assessment against the vendor or consumer 'based upon any information within his possession, or that shall come into his possession.' The notice of assessment so authorized to be served upon the vendor or consumer is not a preliminary notice that an assessment is contemplated but is a final notice that an assessment has been made. In this respect the situation differs materially from the institution of an ordinary action at law where summons is served preliminary to the rendering of a decision. Here the decision has been made before the notice is served. With these facts in mind it would seem reasonable to conclude that the legislators intended that the vendor or consumer have 30 days within which to prepare his objections to the assessment and his petition setting out those objections.

"Under this hypothesis it becomes significant that the legislators provided with respect to the notice that it 'may be *served upon* the vendor or consumer *personally* or *by registered mail*' and that with respect to the petition it shall be *filed* 'either personally *or by registered mail*.' (Emphasis supplied.) Obviously, the vendor or consumer was entitled to actual notice of the assessment which would have the effect of a judgment against him if not contested. Actual service of the notice upon him was contemplated by the statute, which service could be made either personally or by registered mail delivered to him. Although a registered return receipt card bearing the purported signature of the addressee would presumably show actual delivery to him, the addressee could rebut that presumption by evidence. If some unauthorized person receipted for the communication and the addressee did not receive the communication until several days or weeks after its purported delivery, he would have no opportunity within 30 days of the purported delivery date to file his petition.

*  *  *,,

The foregoing reasons still apply and provide a sound basis to continue the requirement of actual notice. Process and other legal documents dispatched from a courthouse are generally recognizable as such. However, a letter from an administrative agency may appear so harmless as to not prompt an "appropriate person" to timely deliver it to the addressee.

Even though *Sherrick* amply illustrates how the institution of a lawsuit differs remarkably from taxation assessment procedures, the majority erroneously[7] seek guidance from the Rules of Civil Procedure.

The majority is confident that the requirement of constructive rather than actual notice in the civil practice may be incorporated into taxation procedures. However, one who picks and chooses his sources of law, should do so with great caution. It is immediately obvious that safeguards[8] contained in the Rules of Civil Procedure sufficiently offset possibly harsh results occasioned by strict application of the constructive notice provisions. However, R. C. 5739. 13 contains no such safeguards because it contemplates *actual* notice only.

Any suggestion that actual notice is a relic of a bygone era is negated by the date on which R. C. 5739.13 was last amended—1974 (unchanged since authoritatively construed in *Sherrick* in 1952), and the date on which R. C. 324.06 was enacted—1967 (containing the same notice and service requirements as R. C. 5739.13).

CELEBREZZE and P. BROWN, JJ., concur in the foregoing dissenting opinion.

---

[7]The Rules of Civil Procedure do not purport to apply to anything other than proceedings before the courts of this state. Civ. R. 1(A).

[8]See, *e. g.*, Civ. R. 60, providing for relief from a judgment and Civ. R. 55(B), providing for setting aside a default judgment.