OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Walter Petrowski, appeals from a final judgment of the Chardon Municipal Court denying his motion to vacate a default judgment entered in favor of appellee, Old Meadow Farm Company, d.b.a. Middlefield Farm Garden. For the following reasons, we affirm the judgment of the trial court.
On August 27, 1998, appellee filed a complaint against appellant in the Chardon Municipal Court. According to the complaint, appellant had purchased equipment from appellee and had subsequently defaulted on his payment obligations under a security agreement and retail installment contract. As a result, appellee was seeking $14,687.43 plus interest in damages, which represented the remaining balance due on the contract.[1]
The complaint and summons were served by certified mail at 2104 Dock Road, Madison, Ohio, 44057, appellant's home address. The record indicates that the certified mail return receipt was delivered and signed for on September 2, 1998. The signature on the receipt shows that it was signed by "Walter Petrowski."
A hearing on appellee's motion for an order of possession of property was held on September 16, 1998. At this hearing, the trial court found that appellant had failed to appear despite being duly served via certified mail. Accordingly, the trial court concluded that appellee was entitled to immediate possession of the equipment.
Appellant never filed an answer to the complaint, and on October 19, 1998, appellee filed a motion for default judgment pursuant to Civ.R. 55. On October 27, 1998, the trial court granted appellee's motion and awarded the company judgment for $14,687.43 plus interest. The trial court, on its own motion, then ordered that appellant would be entitled to a credit against the judgment once the equipment was repossessed and sold.
On October 6, 1999, appellant filed a motion to vacate the default judgment. In his motion, appellant claimed that the trial court did not have jurisdiction to enter judgment in the case because service of the complaint was improper. Appellant attached to his motion an affidavit in which he averred that the signature on the return receipt was not his, and that he was unaware of the lawsuit until appellee filed a second complaint on April 30, 1999 in the Lake County Court of Common Plea seeking to foreclose on his home in order to satisfy a judgment lien entered by the trial court. According to appellant, he never received a copy of the first complaint, and although someone had obviously signed his name on the certified mail return receipt, no one was authorized to accept certified mail on his behalf.
Appellee filed a brief in opposition, and the trial court held a hearing on appellant's motion to vacate on January 21, 2000. At the hearing, both sides were represented by counsel and were permitted to call witnesses and introduce evidence for and against their respective positions. In a judgment entry dated January 24, 2000, the trial court denied appellant's motion to vacate.
From this judgment entry, appellant filed a timely notice of appeal. He now asserts the following assignment of error for our review:
 "The trial court erred in failing to grant Appellant Petrowski's motion to vacate judgment."
 Under his sole assignment of error, appellant argues that the default judgment entered by the trial court is void and must be set aside because he never received proper service of appellee's complaint. Appellant claims that he never signed the certified mail return receipt which served as the basis for the effectuation of service of process in the instant matter, and that he was never aware of the proceedings resulting in the trial court entering a default judgment for appellee. As a result, appellant believes that the trial court abused its discretion when it denied his motion to vacate.
In Ohio, it is well-established that before a trial court can enter a judgment against a defendant, the court must first have personal jurisdiction over the defendant. Nelson v. Szykulski (Mar. 12, 1999), Trumbull App. No. 97-T-0219, unreported, at 6, 1999 Ohio App. LEXIS 940. Accordingly, a default judgment rendered by a court without personal jurisdiction over the defendant is void. Thomas v. Corrigan (1999),135 Ohio App.3d 340, 343.[2]
"The authority to vacate a void judgment is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts." Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph four of the syllabus; Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. ofRevision (2000), 87 Ohio St.3d 363, 368. Because a court has the inherent power to vacate a void judgment, a party who claims that the court lacked personal jurisdiction as a result of a deficiency in service of process is entitled to have the judgment vacated and need not satisfy the requirements of Civ.R. 60(B). State ex rel. Ballard v. O'Donnell
(1990), 50 Ohio St.3d 182, paragraph one of the syllabus; CincinnatiSchool Dist. Bd. of Edn. at 368; Patton at paragraph three of the syllabus; Thomas at 343. See, also Williams v. Ludlum (Aug. 20, 1999), Portage App. No. 98-P-0016, unreported, at 7, 1999 Ohio App. LEXIS 3869.
To be valid, service of process must satisfy Civ.R. 4 et seq. Civ.R. 4.1 requires that "service of any process shall be by certified or express mail unless otherwise permitted by [the civil] rules." However, "certified mail, under the Rules of Civil Procedure, no longer requires actual service upon the party receiving the notice, but is effective upon certified delivery." Castellano v. Kosydar (1975), 42 Ohio St.2d 107,110.
"While there is a presumption of proper service in cases where the Civil Rules on service are followed, the presumption is rebuttable by sufficient evidence that service was not received." Thomas at 344. A determination of whether or not service of process was sufficient in a particular case rests within the sound discretion of the court making the decision and will not be reversed absent a showing that the court abused its discretion. Id. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
According to appellant, his uncontroverted affidavit and testimony entitled him to relief under Rafalski v. Oates (1984), 17 Ohio App.3d 65, which held:
 "Where a defendant seeking a motion to vacate pursuant to Civ.R. 60(B) makes an uncontradicted sworn statement that she never received service of the complaint, she is entitled to have the judgment against her vacated even if her opponent complied with Civ.R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it." Id. at paragraph one of the syllabus.[3]
 However, in Redfoot v. Mikouis (Nov. 29, 1996), Trumbull App. No. 96-T-5398, unreported, 1996 Ohio App. LEXIS 5415, this court had the opportunity to interpret Rafalski. In doing so, we found several decisions from the Sixth Appellate District particularly persuasive. As a result, we held:
 "`While some cases hold that an uncontroverted affidavit is sufficient to require the default judgment to be found void ab initio, these holdings do not prohibit the trial court from assessing competency and credibility. Therefore, we find that the trial court must determine whether sufficient evidence of nonservice was presented to find the default judgment void ab initio.'" Redfoot at 7, quoting United Home Fed. v. Rhonehouse (1991), 76 Ohio App.3d 115, 125.[4]
 Based on Redfoot, we cannot say that the trial court abused its discretion in denying appellant's motion. While appellant filed an affidavit stating that he never received service of process and that no one was authorized to accept certified mail on his behalf, he testified differently at the hearing. Specifically, appellant admitted that he could not remember which documents he had received. Moreover, he further stated that his wife, who did not testify at the hearing, had in the past signed for certified mail addressed to him. Thus, the controlling factors in this case are significantly different from those in Rafalski where the movant essentially reiterated the facts contained in her affidavit at the hearing on her motion to vacate.
Furthermore, even if appellant had affirmed his affidavit, the trial court still had to determine whether sufficient evidence of nonservice was presented to find that the default judgment was void. Redfoot,supra. See, also, Cincinnati Ins. Co. v. Emge (1997), 124 Ohio App.3d 61,64 (holding that a self-serving affidavit, even if uncontroverted, may not be enough to find a default judgment void). By overruling appellant's motion, the trial court obviously did not find the evidence presented on appellant's behalf to be credible or sufficient in this regard.
After conducting our own review of the record, we reach a similar conclusion. Appellant's testimony at the hearing was vague and even confused. For example, after being shown the summons and complaint upon which the default judgment was granted, appellant admitted that they "could be" the documents he received, however, he simply did not know for sure.
Moreover, even if his son, who also did not testify, had signed the certified mail return receipt, which appellant seemed to imply, service of process would still be proper because, as we noted earlier, there is no longer a requirement that certified mail actually be signed by the party receiving the notice so long as the methods of service are reasonably calculated to reach the interested party. Castellano, supra. See, also, Jain v. Vanderhoof (Dec. 22, 2000), Lake App. No. 2000-L-016, unreported, at 5, 2000 Ohio App. LEXIS 6117 ("holding that valid service of process is presumed when any person at the defendant's residence receives the summons"); Claims Mgt. Services, Inc. v. Cumbee (Sept. 29, 2000), Hamilton App. No. C-000034, unreported, at 3-4, 2000 Ohio App. LEXIS 4474 ("holding that service is complete when it is delivered to a person other than the defendant at the defendant's address").
Here, appellant never claimed that the summons and complaint were sent to an incorrect address, that his home was not the appropriate place to send them, or that the documents were sent to the wrong party. Accordingly, appellant's sole assignment of error is not well taken.
Based on the foregoing analysis, the judgment of the trial court is affirmed.
 ____________________________________ PRESIDING JUDGE JUDITH A. CHRISTLEY
O'NEILL, J., NADER, J., concur.
[1] Along with the complaint, appellee also filed a motion for an order of possession of property and a notice of replevin action.
[2] If a judgment is void, it has no legal effect whatsoever. For example, "a judgment based on a proceeding in which the court lacked jurisdiction over the person * * * or jurisdiction over the subject matter of the action[,]" would be void. Civ.R. 60, 1970 Staff Note. In contrast, a judgment that is tainted with an error of law, making it valid although subject to reversal on appeal, would be voidable. Inasmuch as Civ.R. 60 does not provide for the vacation of a void judgment and only concerns voidable judgments, the three elements set forth in GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, are not applicable. We note, however, that many Ohio courts, including this one, have allowed Civ.R. 60(B) to be used as a mechanism to vacate a void judgment. Nevertheless, this procedure is not so much erroneous as it is unnecessary.
[3] Again, we recognize that as is frequently the case, the defendantin Rafalski filed her motion to vacate pursuant to Civ.R. 60(B). However, as we noted earlier, Civ.R. 60(B) does not provide for the vacation of void judgments. Instead, a party wishing to contest a court's jurisdiction should either file a simple motion to vacate, or in the alternative, file a declaratory judgment action. Civ.R. 60, 1970 Staff Note.
[4] Like the situation in Rafalski, Mikouis mistakenly filed his motion to vacate pursuant to Civ.R. 60(B). See footnote two.