This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, William C. Richards, Jr., appeals from the judgment of the Summit County Court of Common Pleas denying his motion to disqualify counsel and his motion to vacate a default judgment. We affirm.
 I.
On April 7, 1999, appellee, Gary D. Friedman, M.D., filed a foreign judgment in the Summit County Court of Common Pleas based upon a default judgment entered in the state of California. On September 3, 1999, the Summit County Court of Common Pleas granted a default judgment against Frederick R. Kalail, Sr. and Mr. Richards.
On October 24, 2000, Mr. Richards filed a motion to vacate, stay, quash and other relief. In such motion, Mr. Richards asserted that he was never served with summons or complaint in the Ohio default judgment action. Additionally, he asserted that he was never served with summons or any other process in the California default judgment action. Mr. Richards also filed a motion to disqualify Mr. Friedman's counsel. Mr. Friedman responded to the motions on November 15, 2000. A hearing was held before the trial court on May 24, 2001, and, on June 20, 2001, the trial court issued a judgment entry denying Mr. Richards' motions. This appeal followed.
 II.
Mr. Richards asserts two assignments of error. We will discuss each in turn.
 A. First Assignment of Error THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT WILLIAM C. RICHARDS, JR.'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL.
In Mr. Richards' first assignment of error, he asserts that the trial court erred when it denied his motion to disqualify Mr. Friedman's counsel. We disagree.
In reviewing the decision of a trial court regarding the disqualification of a party's chosen counsel, this court applies an abuse of discretion standard. Kitts v. U.S. Health Corp. of S. Ohio (1994),97 Ohio App.3d 271, 275. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
An attorney may not represent an interest which is adverse to that of a former client when a substantial relationship exists between the subject matter of the former representation and the matter encompassed by the present representation. Phillips v. Haidet (1997), 119 Ohio App.3d 322,325-26; see, also, Kala v. Aluminum Smelting Refining Co., Inc. (1998), 81 Ohio St.3d 1, 8. It is the burden of the party moving for disqualification of an attorney to affirmatively show the existence of a substantial relationship between the former and present subject matters.Phillips, 119 Ohio App.3d at 325-26. Matters are substantially related when there is a "commonality of issues." Id. at 327. "[T]he moving party must provide some evidence that a need for the disqualification exists. A mere allegation that allowing the representation presents the possibility of a breach of confidence or the appearance of impropriety is not enough." Id. at 327. Significantly, disqualification is a drastic measure which should only be imposed if it is absolutely necessary. Kala,81 Ohio St.3d at 6.
In the case at bar, Mr. Richards filed a motion to disqualify Mr. Friedman's counsel. Specifically, Mr. Richards asserted that Irving B. Sugerman, who was representing Mr. Friedman in the Ohio default judgment action, had a conflict of interest in his representation because Mr. Sugerman was previously associated with the Haley Law Offices Co., L.P.A. ("Haley"). In his affidavit, Mr. Richards stated that Haley had represented him for over ten years and that, on several occasions in the past, he had been introduced to and spoken with Mr. Sugerman. While relating that Mr. Sugerman did not work directly on his representation, Mr. Richards stated that Mr. Sugerman was associated with Haley when Haley represented Mr. Richards in matters concerning personal and business finances, estate planning, litigation, and other transactions.
In response, Mr. Friedman asserted that Mr. Sugerman did not have any involvement with Mr. Richards because, at all times, Mr. Richards was a client of R. Scott Haley, another attorney at the Haley law firm. Additionally, Mr. Friedman explained that Mr. Haley's representation of Mr. Richards was primarily in the nature of estate planning. Consequently, he argued that the California default judgment was filed well after Mr. Sugerman had terminated his association with Haley in 1995 and there did not exist a substantial relationship between the subject matter of the former representation and the present representation — the present action being solely related to the domestication of a foreign judgment in Ohio.
On June 20, 2001, the trial court denied Mr. Richards motion to disqualify Mr. Friedman's counsel, holding that Mr. Richards had failed to establish that the former representation by Haley, which primarily involved estate planning, and the current representation, which primarily involved the domestication of a foreign judgment, were substantially related.
Based on the foregoing, we cannot say that it was error for the trial court to find that Mr. Richards failed to prove that his former representation was substantially related to the domestication of a foreign judgment. Accordingly, we conclude that the trial court did not abuse its discretion in denying Mr. Richards' motion to disqualify Mr. Friedman's counsel. Mr. Richards' first assignment of error is overruled.
 B. Second Assignment of Error THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT WILLIAM C. RICHARDS, JR.'S MOTION TO VACATE THE DEFAULT JUDGMENT.
In the second assignment of error, Mr. Richards asserts that the trial court erred in finding that he was properly served in the Ohio default judgment action. Further, he asserts that, as he was never served in the California default judgment action, personal jurisdiction was lacking. For these reasons, Mr. Richards contends that the trial court erred in denying his motion to vacate the default judgment. We disagree.
The decision of a trial court to deny a motion to vacate judgment will not be overturned absent an abuse of discretion. Talarek v. Miles, etal. (July 23, 1997), Lorain App. No. 96CA006567, unreported, at 9. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons, 66 Ohio St.3d at 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
With regard to service in the Ohio default judgment, due process requires that service of process is accomplished in a manner reasonably calculated to apprise interested parties of the pendency of the action and to give such parties an opportunity to appear and present objections. Talarek, supra, at 5 (holding that due process does not require actual notice but rather notice that is reasonably calculated to apprise a defendant of an action's pendency). Additionally, in Ohio, service of process must satisfy the requirements of Civ.R. 4 et seq. Id. Civ.R. 4.1(A) requires that "service of any process shall be by certified or express mail unless otherwise permitted by [the] rules." Notably, under the Ohio Rules of Civil Procedure, certified mail does not require actual service upon the party receiving the notice but rather is effective upon certified delivery. Castellano v. Kosydar (1975),42 Ohio St.2d 107, 110. Moreover, service need not be to a party's actual address so long as it is made to an address where there is a reasonable expectation that it will be delivered to such party. United Home Fed. v.Rhonehouse (1991), 76 Ohio App.3d 115, 124. Proper service of process is needed before a court can render a valid default judgment. Westmorelandv. Valley Homes Mut. Hous. Corp. (1975), 42 Ohio St.2d 291, 293.
While there is a presumption of proper service where the Civil Rules on service are followed, this presumption is rebuttable by sufficient evidence that service was not accomplished. Talarek, supra, at 9. For instance, an unchallenged affidavit made by a party may be sufficient to overcome the presumption of service. Id. The determination of whether service of process was sufficient in any particular case rests within the sound discretion of the court. Thomas v. Corrigan (1999),135 Ohio App.3d 340, 344. "In making this determination, the trial court may assess the competency and credibility of the evidence of nonservice."Talarek, supra, at 9. Additionally, each case should be examined on its particular facts to determine whether the service of process was reasonably calculated to reach the interested party. Thomas,135 Ohio App.3d at 344.
The Summit County Court of Common Pleas granted a default judgment against Mr. Kalail and Mr. Richards on September 3, 1999. In response, on October 24, 2000, Mr. Richards filed a motion to vacate, asserting that he was never served with summons or complaint in the Ohio default judgment action. Along with the motion, Mr. Richards attached an affidavit which stated that he never received service of process in Ohio. Specifically, he explained that the certified mail was not addressed to his residence at 511 Rothrock Road but rather was addressed to 483 Rothrock Road.
In response to Mr. Richards' contention, on November 15, 2000, Mr. Friedman asserted that the summons and complaint were sent to Mr. Richards by certified mail to 483 Rothrock Road because an investigation revealed that this address was where Mr. Richards accepts and directs his mail service. Mr. Friedman explained that 483 and 511 Rothrock Road are adjoining properties which are connected by a common private drive and which are both owned by Mr. Richards' wife, Helen Link-Richards. Mr. Friedman stated that Marilyn Waters, Mr. Richards' daughter who signed the certified mail on behalf of Mr. Richards, currently lives at 483 Rothrock Road. Further, Mr. Friedman attached as exhibits the results of his search including, for example, Mr. Richards' June 1, 1999 credit report from Trans Union; each of these exhibits purported to show that Mr. Richards had used and was still using 483 Rothrock Road as his address.
In a hearing held on May 24, 2001, the parties stipulated to the following facts: (1) on April 20, 1999, Ms. Waters signed the service card addressed to Mr. Richards from Mr. Friedman; (2) Ms. Waters currently resides at 483 Rothrock Road, a property owned by her mother which adjoins 511 Rothrock Road; (3) mail addressed to Mr. Richards is routinely delivered to 483 Rothrock Road and, when received, is routinely taken next door to 511 Rothrock Road where it is placed on the kitchen counter; and (4) Ms. Waters had no reason to believe that this normal procedure was not followed on April 20, 1999. In its June 20, 2001 judgment entry, the trial court denied Mr. Richards' motion to vacate, holding that Mr. Richards was reasonably apprised of the action's pendency in accordance with the mandates of due process.
In making such determination, the trial court assessed the competency and credibility of the evidence presented. See Talarek, supra, at 9. Upon review of the evidence as highlighted above, we cannot say that it was an abuse of discretion for the trial court to find that the service of process complied with the requirements of Civ.R. 4 et seq. and was reasonably calculated to provide Mr. Richards notice. Accordingly, Mr. Richards' assigned error as to service in the Ohio default judgment is without merit. Furthermore, as service was accomplished in the Ohio judgment, Mr. Richards had the opportunity to assert his objections regarding the alleged lack of personal jurisdiction of the California trial court when it entered default judgment against Mr. Richards. Although a party can defend against the enforcement of a foreign judgment on the ground that the court rendering the judgment lacked personal jurisdiction, "[t]he defense of lack of personal jurisdiction may by lost by failure to assert it seasonably[.]" Nichols, Rogers Knipper LLP v.Warren (Jan. 11, 2002), Montgomery App. No. 18917, unreported, 2002 Ohio App. LEXIS 58, at *3; see, generally, Hawkins Pro-Cuts, Inc. v. Garcia
(Jan. 16, 1998), Montgomery App. No. 16383, unreported, 1998 Ohio App. LEXIS 96, at *11-12. Accordingly, by failing to object to the California judgment in the Ohio trial court, Mr. Richards has waived the right to assert the lack of personal jurisdiction on appeal. Mr. Richards' second assignment of error is overruled.
 III.
Mr. Richards' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
SLABY, P.J. CONCURS.