[Cite as *Goering v. Lacher*, 2011-Ohio-5464.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ROBERT E. GOERING, | : | APPEAL NO. C-110106 |
| | | TRIAL NO. A-0905374 |
| Plaintiff, | : | |
| and | : | *O P I N I O N.* |
| JOHN KNOX, | : | |
| Intervenor-Appellee, | : | |
| vs. | : | |
| SCOTT R. LACHER, | : | |
| Defendant-Appellant, | : | |
| and | : | |
| JUANITA L. LACHER, | : | |
| Defendant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 26, 2011

*Ty L. Foster* and *Steven K. Shaw*, for Intervenor-Appellee,

*Robbins, Kelly, Patterson & Tucker* and *Daniel J. Temming,* for Defendant-Appellant.

Please note: This case has been removed from the accelerated calendar.

**HILDEBRANDT, Judge.**

{¶1}     Defendant-appellant Scott R. Lacher appeals the judgment of the Hamilton County Court of Common Pleas denying his motion to vacate a default judgment in a foreclosure action.

{¶2}     On June 1, 2009, Hamilton County Treasurer Robert E. Goering filed an action in foreclosure against Lacher and his wife, Juanita L. Lacher.  Goering sought foreclosure on the Lachers' residence because of delinquent taxes.  Process was delivered through certified mail where the Lachers resided, and Juanita signed for the two envelopes.

{¶3}     The Lachers did not answer the complaint, and Goering was granted a default judgment.  The property was purchased by intervenor-appellee John Knox at a sheriff's sale.  The sale to Knox was confirmed on February 17, 2010.

{¶4}     On April 28, 2010, Scott Lacher filed a motion to vacate the judgment or, in the alternative, a motion for relief from the judgment under Civ.R. 60(B).

{¶5}     At the hearings on the motions, Lacher testified that he had not received actual notice of the proceedings.  According to Lacher, Juanita had handled all of the couple's financial affairs.  He adduced evidence that, although she had accepted service of process, she had not opened the envelopes.  Instead, she had hidden them in a storage facility along with other unopened mail.

{¶6}     Lacher testified that Juanita had not informed him of the foreclosure action until April 14, 2010.  On that night, she had told him about the proceedings during an altercation in which she had stabbed him.  He stated that he had immediately investigated the matter after recovering from his wounds.

{¶7}     The trial court denied Lacher's motions, and this appeal followed.

{¶8}     In his first assignment of error, Lacher argues that the trial court erred in refusing to vacate the foreclosure judgment.  Specifically, he contends that service of process was not perfected because he had not received actual notice of the proceedings and that, therefore, the trial court lacked personal jurisdiction over him.

{¶9}     Proper service of process is a prerequisite to a court exercising personal jurisdiction.  See, e.g., *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision* (2000), 87 Ohio St.3d 363, 366-367, 721 N.E.2d 40.   If service of process has not been properly accomplished or waived, any judgment rendered is void ab initio.  Id. at 367, 721 N.E.2d 40.  A trial court's authority to vacate a judgment that is void for lack of service does not derive from Civ.R. 60(B) but rather from the court's inherent authority to vacate a void judgment.  *Cincinnati Ins. Co. v. Emge* (1997), 124 Ohio App.3d 61, 63, 705 N.E.2d 408.

{¶10}    Accordingly, we must decide whether service of process was proper in this case.  Civ.R. 4.1 (A) provides for service by certified or express mail and states that "[e]videnced by return receipt *signed by any person*, service of process shall be by certified or express mail unless otherwise permitted by these rules."  (Emphasis added.)

{¶11}    As the Supreme Court of Ohio has emphasized, "certified mail, under the Rules of Civil Procedure, no longer requires actual service upon the party receiving the notice, but is effective upon certified delivery."  *Castellano v. Kosydar* (1975), 42 Ohio St.2d 107, 110, 326 N.E.2d 686.  In rejecting the notion that actual notice should be required, the court noted that "a need for actual notice would be contradictory to modern service requirements * * *."  Id.  And in defining what due process requires, the court has held that service need only be "reasonably calculated"

to give notice of the proceedings to interested parties. *Akron-Canton Regional Airport Auth. v. Swinehart* (1980), 62 Ohio St.2d 403, 406, 406 N.E.2d 811.

{¶12} Nonetheless, Lacher cites a number of cases for the proposition that the presumption of proper service through compliance with the civil rules may be rebutted by evidence of defective service adduced by the defendant. See, e.g., *Griffin v. Braswell,* 187 Ohio App.3d 281, 2010-Ohio-1597, 931 N.E.2d 1131 and *Jacobs v. Szakal,* 9th Dist. No. 22903, 2006-Ohio-1312. But as Knox correctly observes, the cases relied upon by Lacher involved service at an address where the defendant did not reside. In those cases, it was arguable that the service was not reasonably calculated to put the defendant on notice of the proceedings.

{¶13} In the case at bar, though, Lacher has simply failed to adduce any evidence that service was defective. In this regard, Lacher mistakes proper service for actual notice. It was undisputed that service in this case was made upon the proper address through certified mail in accordance with Civ.R. 4.1. The most that Lacher has been able to establish is that he did not receive actual notice of the proceedings. But as stated in *Castellano* and *Swinehart*, actual notice is not the touchstone of proper service or the exercise of personal jurisdiction. Accordingly, we overrule the first assignment of error.

{¶14} In his second assignment of error, Lacher contends that the trial court erred in overruling his motion for relief from judgment under Civ.R. 60(B).

{¶15} As we have already noted, the power of a court to vacate a void judgment does not derive from Civ.R. 60(B). *Emge,* supra. Thus, we need not address Lacher's argument on its merits, and we overrule the second assignment of error.

**{¶16}** In his third and final assignment of error, Lacher argues that the trial court's denial of his motion to vacate the judgment was against the manifest weight of the evidence. But as Lacher did not present any evidence that service was improper, we reject this argument and overrule the third assignment of error.

**{¶17}** The judgment of the trial court is affirmed.

Judgment affirmed.

**DINKELACKER, P.J.,** and **SUNDERMANN, J.,** concur.

Please Note:

The court has recorded its own entry on the date of the release of this opinion.