[Cite as *Mtge. Bank Corp. v. WWIO, Ltd.*, 2016-Ohio-7069.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The Mortgage Bank Corp., | : | |
| Plaintiff-Appellee, | : | |
| | | No. 16AP-44 |
| v. | : | (C.P.C. No. 10CV-11714) |
| WWIO, Ltd., | : | (REGULAR CALENDAR) |
| Defendant-Appellant, | : | |
| George A. Ikimis et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on September 29, 2016

**On brief:** *Onda, LaBuhn, Rankin & Boggs Co., LPA, Timothy S. Rankin,* and *Gregory A. Goetz,* for appellant. **Argued:** *Timothy S. Rankin.*

**On brief:** *Gillett Law Office, LLC,* and *Gary A. Gillett,* for appellee Soroush Firouzmandi. **Argued:** *Gary A. Gillett.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Defendant/cross-claim plaintiff-appellant, WWIO, Ltd. ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas sustaining objections to a magistrate's decision filed by defendant/cross-claim defendant-appellee, Soroush Firouzmandi ("appellee"), and holding that a default judgment entered against appellee was void for lack of service. For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} This appeal arises from a foreclosure action that was filed in the Franklin County Court of Common Pleas on August 10, 2010 by The Mortgage Bank Corp., a.k.a.

The Mortgage Banc ("Mortgage Banc"). The foreclosure complaint asserted that appellant and George A. Ikimis executed a promissory note promising to pay $60,000 to Mortgage Banc, and that the note was secured by a mortgage on property located at 1258 E. Livingston Avenue, Columbus, Ohio ("1258 E. Livingston"). The foreclosure complaint named appellee as a defendant, asserting that he might claim a lien on 1258 E. Livingston based on a land contract between appellant and appellee. The foreclosure complaint was served at appellee's residence and was received by his wife, Shahin Efati ("Efati"). Appellee later admitted he received a copy of the foreclosure complaint and did not file an answer.

{¶ 3} On September 20, 2010, appellant filed an answer to the foreclosure complaint and a cross-claim against appellee, asserting that appellee entered into a land contract with appellant on August 11, 2006 for the purchase of 1258 E. Livingston for $59,547.46. The cross-claim asserted that appellee breached the land contract and sought to foreclose on appellee's interest in 1258 E. Livingston. A copy of the answer and cross-claim complaint was sent to appellee at his residential address by certified mail. The record includes a return receipt signed by Efati indicating that the certified mail containing the answer and cross-claim complaint was delivered to appellee's residential address on September 25, 2010. Appellee did not file an answer to the cross-claim; on November 24, 2010, appellant moved for default judgment against appellee on the cross-claim. The court granted appellant's motion and entered a default judgment against appellee on the cross-claim on May 10, 2011. Appellant then filed a motion for a damages hearing on June 8, 2011 to determine the amount of damages owed on the cross-claim. The trial court referred the matter to a magistrate, who conducted a hearing on November 18, 2011, and subsequently issued a decision on December 2, 2011, holding that appellant was entitled to recover damages of $62,050.47 from appellee. Appellee did not appear at the damages hearing. No objections to the magistrate's damages decision were filed and, on January 4, 2012, the trial court adopted the magistrate's decision.

{¶ 4} On May 16, 2012, appellee filed a motion to vacate the default judgment on the cross-claim, arguing that although Efati signed for the certified mail containing appellant's answer and cross-claim, she did not understand the documents or bring them to appellee's attention. Appellee asserted that because he did not receive the cross-claim, there was no service on him and, therefore, the default judgment against him was void.

The trial court referred the motion to vacate to a magistrate and a hearing was held on June 28, 2012.

{¶ 5}   At the hearing, Efati testified that she was born in Iran and moved to the United States in 1992.  She testified her native language was Farsi and that she could speak very little English and could not read English.  Efati testified she suffered from depression and anxiety and that she took medication for these conditions.  She stated she suffered from headaches and confusion as a result of her conditions and her medication.  With respect to receipt of the couple's mail, Efati testified that she retrieves the mail from the mailbox at their home and that she also obtains certified mail from the post office.  Efati stated that she would generally throw away advertisements received in the mail but keep important pieces of mail.  However, she also testified there were times when she would bring all the mail into the house and then throw it away, as well as times when she would pick up the mail and leave it all in the car, and then later throw it all away when cleaning out her car.  Efati acknowledged that her signature appeared on the return receipt for the certified mailing containing the answer and cross-claim, but did not specifically recall receiving that mailing.

{¶ 6}   Appellee also testified at the hearing, stating that, like his wife, he was born in Iran and moved to the United States in 1992.  He indicated that his native language was Farsi and that although he could speak English, he could not read English well.  Appellee testified that he operated a tire installation business located at 1266 E. Livingston Avenue, Columbus, Ohio.  Appellee stated that the property at 1258 E. Livingston was adjacent to his business.  He explained that although the house located at 1258 E. Livingston had been vacant most of the time, individuals had used that house as a base for breaking into his business.  Appellee testified that in order to stop this activity, he entered into a land installment contract with Ikimis for the purchase of 1258 E. Livingston.  Appellee testified that he received a copy of the foreclosure complaint filed by Mortgage Banc, but stated he did not hire an attorney or file a response because a representative from Mortgage Banc told him he was only named in the complaint because of his interest in the land installment contract.  Appellee denied receiving the answer and cross-claim filed by appellant and stated that Efati never told him she received it.

{¶ 7}   Appellee also testified regarding Efati's mental and emotional conditions, as well as the fact that she was sometimes confused and forgetful.  Appellee testified that

Efati sometimes misplaced or threw away important mail. He testified that his brother once sent a check that he never received, and that he had paid penalties on his credit cards due to lost statements at least three times. Appellee testified that after Mortgage Banc acquired 1258 E. Livingston at the sheriff's sale following the foreclosure, he purchased the property from Mortgage Banc for $25,000. The record indicated that appellee acquired 1258 E. Livingston from Mortgage Banc on August 13, 2011.

{¶ 8} Following the hearing, the magistrate issued a decision denying the motion to vacate. The magistrate concluded that the return receipt that Efati signed for the certified mailing containing the answer and cross-claim created a presumption of valid service on appellee. The magistrate held that the testimony of appellee and Efati did not rebut this presumption of valid service. The magistrate further held that, with respect to Civ.R. 60(B), appellee failed to show excusable neglect and failed to file the motion within a reasonable time.

{¶ 9} Appellee filed objections to the magistrate's decision, asserting that the magistrate ignored or failed to sufficiently consider certain facts and that the magistrate erred by applying the Civ.R. 60(B) standard to appellee's motion. The trial court sustained some of appellee's objections, holding that appellee had sufficiently overcome the presumption of valid service and that the default judgment was void for lack of jurisdiction due to the lack of valid service. The trial court also held that because the default judgment was challenged as void for lack of service, the requirements of Civ.R. 60(B) were not implicated.

## II. Assignment of Error

{¶ 10} Appellant appeals and assigns the following single assignment of error for our review:

> THE TRIAL COURT ERRED IN SUSTAINING APPELLEE'S
> OBJECTIONS TO THE MAGISTRATE'S DECISION AND
> VACATING THE ENTRY OF DEFAULT JUDGMENT.

## III. Discussion

{¶ 11} Appellant's sole assignment of error sets forth two primary arguments. First, appellant argues the trial court erred by analyzing appellee's claim of lack of actual service of the cross-claim on him as a jurisdictional matter, and concluding that the default judgment was void, rather than analyzing the claim under the standard for a motion for relief from judgment under Civ.R. 60(B). Second, appellant asserts that if the

alleged lack of actual service on appellee was a jurisdictional issue, the trial court erred by concluding that appellee had overcome the presumption of valid service arising from service of the cross-claim by certified mail pursuant to Civ.R. 4.1(A)(1)(a).

### A. Standard of Review

{¶ 12} Each of appellant's primary arguments is subject to a different standard of review. Appellant's first argument turns on a question of law—whether service was complete when Efati signed for the certified mail containing the cross-claim, thus giving the trial court personal jurisdiction over appellee, or whether this created a rebuttable presumption of service. We review questions of law de novo. *See Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108 (1995) ("Unlike determinations of fact which are given great deference, questions of law are reviewed by a court *de novo*."). Moreover, this argument addresses the trial court's conclusion that the default judgment was void due to lack of personal jurisdiction over appellee, which is also an issue subject to de novo review. *See Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551, ¶ 27 ("Personal jurisdiction is a question of law that appellate courts review de novo."). Appellant's second argument contends the trial court erred by sustaining some of appellee's objections to the magistrate's decision and by rejecting the magistrate's decision. When objections are filed, a trial court engages in a de novo review of a magistrate's decision. *McNeilan v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 10AP-472, 2011-Ohio-678, ¶ 19. However, an appellate court generally reviews a trial court's adoption or denial of a magistrate's decision for abuse of discretion. *Brunetto v. Curtis*, 10th Dist. No. 10AP-799, 2011-Ohio-1610, ¶ 10. We will consider each of appellant's arguments in turn.

### B. Service of the cross-claim and personal jurisdiction

{¶ 13} Appellant argues the trial court erred by concluding that the default judgment was void for lack of personal jurisdiction due to lack of service of the cross-claim on appellee. The trial court found that Efati's admission that she signed the return receipt for the certified mailing containing the cross-claim created a rebuttable presumption of valid service, citing this court's decision in *TCC Mgt., Inc. v. Clapp*, 10th Dist. No. 05AP-42, 2005-Ohio-4357. The trial court then concluded that the testimony and evidence presented at the hearing before the magistrate was credible and rebutted the presumption of valid service. Appellant argues that service by certified mail under Civ.R.

4.1(A)(1)(a) was complete when Efati signed for the certified mailing containing the cross-claim. Appellant asserts the trial court had jurisdiction over appellee based on service made in compliance with Civ.R. 4.1(A)(1)(a), and the question of whether appellee had actual notice of the cross-claim should have been analyzed within the context of a motion for relief from judgment under Civ.R. 60(B).

{¶ 14} Civ.R. 4.1(A)(1)(a) provides that service of process may be made by certified or express mail, "[e]videnced by return receipt signed by any person." This court addressed the validity of service by certified mail under that rule in *Clapp*:

> Civ.R. 4.1 outlines the methods for obtaining service of process within this state, including service via certified mail. Pursuant to Civ.R. 4.1(A), service of process via certified mail is evidenced by a return receipt signed by any person. Civ.R. 4.1(A) does not require that delivery is restricted to the defendant or to a person authorized to receive service of process on the defendant's behalf. When service is attempted by certified mail, a signed receipt returned to the sender establishes a prima facie case of delivery to the addressee. Valid service of process is presumed when any person at the defendant's address received the certified mail envelope, whether or not the recipient is the defendant's agent.
>
> * * *
>
> However, the presumption of valid service that arises from appellant's compliance with the civil rules is rebuttable by sufficient evidence demonstrating non-service. Ohio courts, including this court, have repeatedly considered claims of failed service even where service was mailed to the correct address.

(Citations omitted.) *Id.* at ¶ 11, 13.

{¶ 15} In *Clapp*, the plaintiff filed a complaint against both Mr. and Mrs. Clapp. The clerk of courts mailed a summons and copy of the complaint to each of the Clapps individually via certified mail at their address. Mr. Clapp signed the return receipts for both certified mail envelopes. Neither Mr. nor Mrs. Clapp filed an answer, and the trial court granted default judgment against both of them. *Id.* at ¶ 2. Mrs. Clapp later filed a motion to set aside the default judgment against her, arguing that the plaintiff failed to perfect service on her. *Id.* at ¶ 4. She submitted an affidavit stating that she never received service of summons or a copy of the complaint and had no knowledge of the case until her employer notified her that her wages had been garnished. *Id.* She also

submitted an affidavit from Mr. Clapp, indicating that he was Mrs. Clapp's estranged husband and that, although he signed for the certified mail envelope addressed to Mrs. Clapp, he did not open the envelope or give it to Mrs. Clapp.  *Id.* at ¶ 6.  The trial court granted Mrs. Clapp's motion to set aside the default judgment.  *Id.* at ¶ 7.

{¶ 16} On appeal, the plaintiff argued that because the summons and complaint was sent to Mrs. Clapp's address by certified mail and because Mr. Clapp received and signed for it, the trial court had personal jurisdiction over Mrs. Clapp and it was irrelevant whether she had actually received the summons and complaint.  *Id.* at ¶ 13.  Pursuant to the reasoning set forth above, this court rejected that argument.  The court concluded that the unchallenged affidavits submitted by Mrs. Clapp overcame the presumption of valid service on her.  The court concluded that "[i]n the absence of valid service, the trial court had no personal jurisdiction over [Mrs. Clapp].  Therefore, the default judgment entered against [her] was void, and the trial court did not abuse its discretion in granting [her] motion to set aside that judgment."  *Id.* at ¶ 16.  In subsequent decisions, this court has continued to refer to the rebuttable presumption of service arising from service by certified mail in compliance with Civ.R. 4.1(A)(1)(a).  *See, e.g., Adams, Babner & Gitlitz, LLC v. Tartan Dev. Co. (West), LLC*, 10th Dist. No. 12AP-729, 2013-Ohio-1573, ¶ 10; *Green v. Huntley*, 10th Dist. No. 09AP-652, 2010-Ohio-1024, ¶ 16.

{¶ 17} Appellant claims that *Clapp* and other decisions from this court conflict with decisions from the Supreme Court of Ohio holding that there is no rebuttable presumption once a plaintiff obtains service under Civ.R. 4.1(A)(1)(a).  Appellant cites the Supreme Court's decision in *Castellano v. Kosydar*, 42 Ohio St.2d 107 (1975).  In that case, a taxpayer filed a petition for reassessment of a sales tax assessment, but the tax commissioner dismissed the petition because the taxpayer failed to file it within 30 days of the service of notice of the original assessment.  *Id.* at 107.  The record indicated that the assessment had been sent to the taxpayer's home by certified mail and signed for by his wife.  *Id.*  The taxpayer claimed that he left the state prior to the date of delivery and did not receive the notice of assessment until he returned, ten days after it had been delivered.  *Id.*  On appeal, the Supreme Court affirmed the order dismissing the taxpayer's petition for reassessment.  The court noted that service by certified mail under the Rules of Civil Procedure did not require actual service upon the party receiving the notice, "but is effective upon certified delivery."  *Id.* at 110.  The court concluded that, accordingly, the

period for the taxpayer to file an appeal of the sales tax assessment began upon service by certified mail. *Id.* at 111. Appellant also refers to *Mitchell v. Mitchell*, 64 Ohio St.2d 49 (1980), which applied *Castellano* in the context of service by certified mail outside the state. Appellant also cites decisions from this court issued prior to *Clapp*, and decisions from other appellate districts relying on *Castellano*.

{¶ 18} As appellee notes, *Castellano* was factually distinguishable from the present case because it involved a statutory time limit for filing an administrative appeal of a tax assessment, rather than a default judgment. Moreover, in a recent decision applying *Castellano*, the Supreme Court held that certified mail creates a rebuttable presumption of valid service. *Gaston v. Medina Cty. Bd. of Revision*, 133 Ohio St.3d 18, 2012-Ohio-3872, ¶ 13. In *Gaston*, a property owner sought to reverse an increase in his residential property taxes. One of the issues the property owner raised on appeal was a claim that he was not properly served with notice of a board of revision hearing where the county auditor presented a comparable sale study to support the reappraisal that resulted in the tax increase. The hearing notice was sent by certified mail; there was a return receipt that lacked a delivery date but contained the name of the person who signed for delivery of the notice. *Id.* at ¶ 5. The property owner asserted that he did not remember receiving any notice of a hearing and that he was not aware of the hearing. *Id.* In its analysis of this claim, the Supreme Court stated that "[u]nder *Castellano*, when the record shows timely certified mailing of the administrative order and also shows receipt by a proper person at the taxpayer's address, the service is presumed valid—with the result that the taxpayer must shoulder the burden to rebut by presenting 'sufficient evidence demonstrating non-service.' " (Citations omitted.) *Id.* at ¶ 13. The court further clarified, in a footnote, "[i]n this case, we hold that the presumption of valid service is rebuttable." (Citation omitted.) *Id.* at ¶ 18, fn. 2. Ultimately, in *Gaston*, the court concluded that the taxpayer failed to rebut the presumption of valid service. *Id.* at ¶ 19-21.

{¶ 19} As a result of the Supreme Court's recognition of a rebuttable presumption of valid service in *Gaston*, we conclude that *Castellano* and the other cases cited by appellant do not require us to overrule *Clapp* and our other similar decisions. Moreover, we note that each of the decisions from this court and from other courts of appeals cited in support of appellant's argument were decided prior to *Gaston*. Accordingly, we reject appellant's argument and conclude that the trial court did not err by concluding that

service of the cross-claim in this case created a rebuttable presumption of valid service on appellee.

### C. Rejection of the magistrate's decision

{¶ 20} Having concluded the trial court did not err in applying a rebuttable presumption of service, we turn to the question of whether the trial court abused its discretion by rejecting the magistrate's decision and concluding that appellee had rebutted the presumption of valid service in this case. As explained above, a trial court engages in a de novo review of a magistrate's decision when objections are filed; however, we apply an abuse of discretion standard when reviewing a trial court order adopting or denying a magistrate's decision. An abuse of discretion occurs where a trial court's determination is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). In conducting its review, "the trial court has the authority to determine whether the magistrate's findings of fact are sufficient to support the conclusions of law made, and to reach a different legal conclusion as long as that conclusion is supported by the magistrate's findings of fact." *Washington v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-136, 2010-Ohio-4323, ¶ 12.

{¶ 21} The magistrate concluded that appellee had failed to rebut the presumption of service. The magistrate noted that Efati admitted her signature appeared on the certified mail receipt. The magistrate also relied on Efati's testimony that she usually set aside for her husband any mail that looked important and did not appear to be an advertisement, along with Efati's admission on cross-examination that the cross-claim did not look like an advertisement. The magistrate found that both Efati and appellee only recalled a few occasions when Efati threw away mail other than advertisements. The magistrate concluded that this testimony established that Efati's usual practice was to give mail that did not appear to be advertisements to appellee and that it was more probable that she followed this usual practice when she received the certified mailing containing the cross-claim. The magistrate found appellee's testimony that he was unaware of the cross-claim until well after the final default judgment was entered to be not credible, concluding that it would have required appellee to not receive several other mailings containing filings related to the case.

{¶ 22} Appellee filed multiple objections to the magistrate's decision and the trial court ultimately rejected the magistrate's decision after sustaining several of these

objections.  Appellee argued that the magistrate failed to sufficiently consider testimony regarding Efati's mental and emotional conditions as an explanation for appellee's failure to receive the certified mailing containing the cross-claim.  The trial court sustained this objection, holding that appellee presented sufficient evidence regarding his wife's conditions to explain why he may not have received mail sent to his home.  The trial court noted that the magistrate's decision acknowledged Efati's mental condition and her testimony that she had thrown mail away a couple times.  However, the trial court found that the testimony regarding Efati's condition and the times that she had discarded mail was more extensive than the magistrate's decision indicated.  In addition to testifying that there were a couple times she had thrown all the mail into the trash, Efati also testified that there were times she picked up the mail and left it in her car, and then later threw it all away when cleaning out the car.  The trial court also cited appellee's testimony that he had to make late-payment penalties on his credit cards at least three times due to lost or discarded mail, and that he failed to receive a check mailed by his brother.  The court concluded that the evidence demonstrated there were more than two times that Efati either discarded or misplaced mail.  The trial court also noted that both Efati and appellee testified that the medication Efati took to treat her depression made her confused and forgetful.  Based on this evidence, the trial court found it credible that Efati may have received and signed for the certified mailing containing the cross-claim but failed to give it to appellee.

{¶ 23} Appellee also claimed that the magistrate ignored the fact that appellee subsequently repurchased the property following the foreclosure and sheriff's sale. Appellee asserted that this fact supported his claim that he was unaware of the cross-claim against him, because he would not have repurchased the property only to have it become an asset subject to attachment under the cross-claim.  The trial court noted that the cross-claim was filed on September 20, 2010, and that default judgment against appellee on the cross-claim was granted on May 10, 2011.  Appellee repurchased the property from Mortgage Banc on August 13, 2011.  The trial court further noted that the damages hearing on the default judgment against appellee occurred on November 18, 2011.  The trial court concluded that appellee's argument that he would not have repurchased the property had he known of the cross-claim was logical and that the evidence supported appellee's assertion.

{¶ 24} In this case, after reviewing the magistrate's findings of fact and the evidence presented at the hearing, the trial court reached a different conclusion than the magistrate on several key issues. The trial court concluded that the testimony from Efati and appellee presented at the hearing was credible and sufficient to rebut the presumption of valid service. The trial court expressly cited the testimony on which it relied and explained why that testimony supported its conclusion. Under the circumstances presented in this case, we cannot conclude that the trial court abused its discretion by sustaining appellee's objections and rejecting the magistrate's decision.

{¶ 25} Accordingly, we overrule appellant's sole assignment of error.

## IV. Conclusion

{¶ 26} For the foregoing reasons, we overrule appellant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and HORTON, JJ., concur.

————————————